Argued 22 October, decided 17 December, 1907.

## STATE *v.* BAKER.

92 Pac. 1076; 13 L. R. A. (N. S.) 1040.

INTOXICATING LIQUORS—REGULATION—CITY CHARTER AND GENERAL LAW.

1. The charter of Portland authorizing such city to exercise, within its limits, police powers, to the same extent as the State has or could exercise such powers, and to regulate saloons and saloonkeepers, having no words of exclusion or restriction concerning the exercise of the power thus conferred, (Laws 1903, p. 32), does not repeal or affect the general laws on the same subject, or prevent a prosecution for a violation thereof within the city.

SAME.

2. The clause of the charter of Portland, that no provision of the law concerning the sale or disposition of liquors in the county in which said city is situate, shall apply to said city, has no reference to legislation under the police powers regulating and controlling the places where, or the persons by whom such liquors are sold.

SAME—SALOONS.

3. A room used by saloonkeepers in connection with their saloon business is part of the saloon, within Laws 1905, p. 327, making it an offense for saloonkeepers to permit a female under the age of 21 years to remain in or about the saloon.

STATUTES—SPECIAL LEGISLATION.

4. Laws 1905, p. 327, making it an offense for proprietors of places where liquor is kept for sale at retail, to permit a female under the age of 21 years to remain in or about the place, is not special legislation because excepting therefrom any open and public restaurant or dining room; this being a classification that the State in the exercise of its police powers can lawfully make.

CONSTITUTIONAL LAW—EQUAL PRIVILEGES.

5. Laws 1905, p. 327, making it an offense to permit a female under the age of 21 years to remain in a saloon, is not invalid because of the fact that a female attains her majority at the age of 18; the right to enter and remain in a saloon not being one of the equal privileges granted to every citizen.

INTOXICATING LIQUORS—PERMITTING WOMEN ABOUT SALOONS.

6. Laws 1905, p. 327, making it an offense to permit a female under the age of 21 years to remain in or about a saloon, is not void as unreasonable, because making no distinction dependent on the purpose of the visit; but is a regulation clearly within the police power.

SAME—EVIDENCE.

7. On a prosecution for permitting a female to remain in a saloon, in violation of Laws 1905, p. 327, evidence that while she was there, defendants sold her beer, is competent as an essential part of the transaction, and tending to show that they were engaged in selling intoxicating liquors, and that they permitted her to remain in the saloon.

CRIMINAL LAW—INSTRUCTIONS—ASSUMPTION OF FACTS.

8. The fact that the female was under the age of 21 years is not assumed by the instruction on a prosecution under Laws, 1905, p. 327, making it an offense to permit a female under such age to remain in a saloon; that the question to be determined was whether defendants were the owners of a saloon, and whether they permitted P. (the female), who was, in fact, under the age of 21 years, to remain in their saloon.

WORDS AND PHRASES—SALOON.

9. A "saloon" is a building or place where liquors are kept for sale at retail, and may include more than one room—citing Words and Phrases, vol 7, p. 6310.

From Multnomah: A. F. SEARS, JR., Judge.

Defendants were accused of permitting a female under the age of 21 years, to remain in and about a saloon kept by them in the City of Portland. From a conviction, defendants appeal.

AFFIRMED.

For appellant there was a brief over the names of *Dufur & Riddell,* with an oral argument by *Mr. Enoch B. Dufur.*

For the State there was a brief over the names of *Mr. John Manning,* District Attorney, *Mr. Gus C. Moser,* Deputy District Attorney, and *Mr. Andrew M. Crawford,* Attorney General, with an oral argument by *Mr. Gus C. Moser.*

Opinion by MR. CHIEF JUSTICE BEAN.

The defendants were tried and convicted of the crime of permitting Pauline Wyman, a female under the age of 21 years, to remain in and about a saloon kept by them in the City of Portland. The prosecution is based upon an act of the legislature of 1905 (Gen. Laws 1905, pp. 327, 328), Section 1 of which provides as follows:

"If any owner or proprietor of any saloon or other place where intoxicating liquor is kept for sale at retail, or any servant or employee, or agent of such owner or proprietor, shall suffer or permit any female under the age of 21 years to remain in or about such saloon, or any place where intoxicating liquor

is kept for sale at retail, or any box or room used in connection
with such saloon, or place in which intoxicating liquor is served,
or if any person sell or give to any female under the age of
21 years, in any saloon or place where intoxicating liquor is
kept for sale at retail, any intoxicating liquor, such person, upon
conviction thereof, shall be fined not less than $100, or more
than $1,000, or be imprisoned in the county jail not less than
three months or more than one year; provided, however, that
the provisions of this act shall not apply to any female accom-
panied by her husband or parent, or to any open and public
restaurant or dining-room."

The evidence for the state showed that at the time of the
commission of the alleged offense defendants were conducting
a saloon in the City of Portland, where intoxicating liquors
were sold at retail. In connection with their saloon they had
a room adjoining and opening out of the barroom provided
with tables and chairs, where liquors and luncheons, when or-
dered, were served to their customers. There were two en-
trances to the saloon, one from Third Street into the barroom
proper, and the other from Taylor Street into the adjoining
room. About 10 o'clock on the evening of April 28, 1906,
Pauline Wyman and another young woman, each under the age
of 21 years, accompanied by a man, went into the room ad-
joining the barroom, where they remained for about ten min-
utes and were served with beer by defendant Baker. At the
close of the state's case, the defendants' counsel moved the
court to direct a verdict of not guilty upon the grounds (1) that
the court was without jurisdiction; (2) that the proof did not
show the commission of a crime; and (3) that the act under
which the prosecution was had is unconstitutional and void.
The overruling of this motion is assigned as error.

1. The first point made is without merit. By its charter the
City of Portland is authorized to exercise within the limits of
the city, police powers to the same extent as the State has or
could exercise such powers, and the right to regulate all bar-
tenders, saloon keepers and dealers in spirituous, fermented,
vinous or malt liquors, and the barrooms, drinking shops or
places where such liquors are kept or sold: Laws 1903, p. 32.

There are no words of exclusion or restriction in the charter
concerning the exercise of the power thus conferred, and there-
fore it does not repeal or affect the general laws of the state
on the same subject or prevent a prosecution for a violation
thereof within the limits of the municipality: 14 Am. & Eng.
Ency. 605; *State* v. *Ayers,* 49 Or. 61 (10 L. R. A., N. S., 992:
88 Pac. 653) ; *State* v. *Bergman,* 6 Or. 341; *State* v. *Sly,* 4 Or.
277; *Burchard* v. *State,* 2 Or. 78.

2. The clause of the charter that no provision of the law
concerning the sale or disposition of liquors in Multnomah
County shall apply to the City of Portland, has no reference to
legislation under the police powers regulating and controlling
the places where, or persons by whom, such liquors are sold.

3. The second point is that the evidence for the state shows
that the prosecutrix was not permitted by defendants to remain
in the saloon, but in a room adjoining. Speaking generally, a
saloon is a building or place where liquors are kept for sale at
retail, and may include more than one room: 7 Adjudged
Words & Phrases, 6310. The room in which the crime is al-
leged to have been committed was used by defendants in con-
nection with their saloon business, and was, therefore, for the
purpose of this prosecution, a part of the saloon.

4. Several objections are made against the constitutionality
of the law under which the prosecution is maintained. First,
it is said that it is a special law for the punishment of crimes
and misdemeanors, because it does not apply to open and public
restaurants or dining rooms. But this is a classification the
state, in the exercise of its police powers, could lawfully make.
The right to engage in the sale of intoxicating liquors is not
one of the privileges guaranteed to the citizen by the state or
federal constitution. It is a business attended with danger to
the morals of the community, and may, therefore, be entirely
prohibited or permitted by the state under such conditions or
limitations as in the judgment of the lawmaking power will
limit or minimize the evils arising therefrom: *Sandys* v. *Wil-
liams,* 46 Or. 327 (80 Pac. 642) ; *Crowley* v. *Christensen,* 137
U. S. 86 (11 Sup. Ct. 13: 34 L. Ed. 620). And, so long as

the law operates alike upon all persons similarly situated, it is not subject to the objections of special or class legislation: *State* v. *Muller,* 48 Or. 252 (85 Pac. 855) ; *In re Oberg,* 21 Or. 406 (28 Pac. 130: 14 L. R. A. 577) ; *State* v. *Randolph,* 23 Or. 74 (31 Pac. 201: 17 L. R. A. 470: 37 Am. St. Rep. 655).

5. Again, the contention is made that the law is invalid because it applies to all females under the age of 21 years, while by the general law a female is deemed to have arrived at majority at the age of 18, and thereafter to have control of her own actions and business, and to have all the rights and be subject to all the liabilities of a citizen of full age: B. & C. Comp. § 5330. The act in question is not to establish or change the age of majority of females, but for the purpose of promoting good morals and sound policy. Its object is to suppress the evils incident to the frequenting of saloons by women. The vicious tendency of the mingling of men and women in saloons. or places where intoxicating liquors are sold, is regarded as harmful to good morals, and therefore a law which prohibits the licensing of a female to engage in the business of retailing intoxicating liquors, or making it an offense to employ a female to serve liquors in a saloon, or to permit a female to enter a saloon and there be served with liquors, is not unconstitutional: *Blair* v. *Kilpatrick,* 40 Ind. 315; *Welsh* v. *State,* 126 Ind. 71 (25 N. E. 883: 9 L. R. A. 664) ; *Bergman* v. *Cleveland,* 39 Ohio St. 651; *State* v. *Considine,* 16 Wash. 358 (47 Pac. 755) ; *In re Considine* (C. C.), 83 Fed. 157 ; *Adams* v. *Cronin,* 29 Colo. 488 (69 Pac. 590: 63 L. R. A. 61). The liberties or rights of every citizen are subject to such limitations in their enjoyment as will prevent them from being dangerous or harmful to the body politic, and there is no objection to the law in question that it applies to women of lawful age. This answers the question that, as the law permits males of full age to enter and remain in a saloon and denies such right to women, it is in violation of the constitutional provision guaranteeing to every citizen equal privileges and immunities. By nature citizens are divided into the two great classes of men and women, and the recognition of

50 Or. —— 25

this classification by laws having for their object the promoting of the general welfare and good morals, does not constitute an unjust discrimination. A police regulation to prevent immorality and for the good of the community based upon such classification is proper; and, as Mr. Cooley says: "Under the police power, some employments may be admissible for males and improper for females, and regulations recognizing the impropriety and forbidding women from engaging in them would be open to no reasonable objection": Cooley, Const. Lim. 745.

6. It is also urged that the law is void because it is arbitrary and unreasonable, since it makes it a crime for the proprietor of a saloon to permit a female under the age of 21 years to remain in or about his saloon regardless of her business or the purpose which took her there, and *State* v. *Nelson,* 10 Idaho, 522 (79 Pac. 79: 67 L. R. A. 808: 109 Am. St. Rep. 226) is cited in support of this contention. The law under consideration in that case was a municipal ordinance making it unlawful for a person keeping a saloon to permit females to enter his place of business, and the court declared the ordinance unreasonable and void, because it would apply to women who might find it necessary to enter a saloon for a lawful and proper purpose. But the law challenged here is a legislative act, and does not make it an offense to permit a female to enter a saloon but to remain in or about such a place, which is essentially different from the ordinance declared void by the Idaho court, and is a regulation clearly within the police powers of the State.

7. This disposes of the principal arguments relied upon by defendants for a reversal of the judgment against them, but there are some questions of procedure which require notice. The court below allowed the prosecution to prove, over the objection of defendants, that, while Pauline Wyman and her companions were in the saloon, defendants sold them beer. This evidence was, we think, competent as an essential part of the transaction (*State* v. *O'Donnell,* 36 Or. 224: 61 Pac. 892), and tending to show that defendants were engaged in the sale of intox-

icating liquors, and that they permitted prosecutrix to remain in their saloon.

8. The objection that the court in its instruction to the jury assumed that the prosecutrix was, in fact, under the age of 21 years, a question to be determined by the jury on the testimony, is, we think, a misconstruction of the charge. After a statement of the general principles of law, by which the jury were to be governed in arriving at a verdict, the court said the question to be determined was whether "one or both of these men were the owners and proprietors of a saloon or a place where liquors intoxicants were sold, and sold at retail, and whether they did permit, one or both of them, Pauline Wyman, who was, in fact, under the age of 21 years, to remain in their saloon. And as I say, by remain, to remain for an appreciable length of time. There is no particular time fixed by law. And also whether she was accompanied by her husband or her parent; and also it is incumbent upon the State to show that this was not a public restaurant. If the State has satisfied you to a moral certainty that those facts exist, then it would be your duty in obedience to your oaths to return a verdict of not guilty, but, if you have a reasonable doubt as to any of those circumstances, why, you should return a verdict of not guilty as to one, or both defendants, and that is all there is in this case."

9. The clear import of this language is that, if the jury were satisfied to a moral certainty that defendants were the proprietors of a saloon where intoxicating liquors were sold and permitted the prosecutrix to remain in such saloon, and she was under the age of 21 years, and not accompanied by her husband or her parents, they should find a verdict of guilty, otherwise they should acquit.

There are some minor points made in the brief. We have examined them with care, and conclude that they are without merit.

Judgment affirmed.                              AFFIRMED.