Submitted on briefs June 20, affirmed July 31, petition
for rehearing denied September 6, 1956

# STATE *v.* HUNTER

300 P. 2d 455

James O. Goodwin and Richard E. Rink, Oregon City, for appellant.

Robert Y. Thornton, Attorney General, Salem; Winston L. Bradshaw, District Attorney, Oregon City; and William E. Frazier, Deputy District Attorney, Oregon City, for respondent.

TOOZE, J.

Defendant Jerry Hunter, a person of the feminine sex, was charged by complaint filed in the district court for Clackamas county, with the crime of "participating in wrestling competition and exhibition," in violation of the provisions of ORS 463.130.

The complaint, omitting formal parts, charged as follows:

"Jerry Hunter is accused by W. L. Bradshaw, District Attorney, by this Complaint of the Crime of PERSON OF FEMALE SEX PARTICIPATING IN WRESTLING COMPETITION AND EXHIBITION committed as follows: The said Jerry Hunter on the 25th day of October, A.D., 1955, in the County of Clackamas and State of Oregon, then and there being a person not of the male sex, to-wit: of the female sex, did then and there unlawfully and wilfully participate in a wrestling competition and wrestling competition and wrestling exhibition, said act of defendant being contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Oregon."

To this complaint defendant filed a demurrer based upon the following grounds:

"1

"That the facts stated do not constitute a crime.

"II

"That this Court has no jurisdiction over the subject of the complaint in that the statute on which said complaint is founded is unconstitutional."

The demurrer was overruled by the district court. Thereupon, defendant petitioned the circuit court of Clackamas county for, and obtained, a writ of re-

view pursuant to the provisions of ORS 34.010 to 34.100, incl. Upon review by the circuit court, the order of the district court overruling the demurrer was sustained. Defendant appeals.

In support of the demurrer defendant asserts on this appeal that the statute involved in this prosecution is unconstitutional and void in two respects:

"1. It denies to defendant the equal protection of the laws in violation of Section 1 of the Fourteenth Amendment to the U. S. Constitution, and it grants other citizens and classes of citizens privileges or immunities which upon the same terms do not equally belong to defendant and all other citizens, in violation of Section 20, Article 1 of the Constitution of the State of Oregon.

"2. It unlawfully delegates legislative power to an administrative body in violation of Article III, Section 1 of the Constitution of the State of Oregon."

ORS 463.010 to 463.990, inclusive, provides for the creation of boxing and wrestling commissions, for registration of boxers and wrestlers, authorizes certain prize fights and wrestling exhibitions, with certain regulations pertaining to the same, invests the commissions created with certain powers, including the rule-making power, provides for licensing, for penalties, and, in general, assumes to cover the entire field involved in boxing and wrestling exhibitions. ORS 463.130 provides as follows:

"Wrestling competitions; females barred; licensing; fees. (1) The commissioners may license referees, professional wrestlers, the managers of wrestlers and seconds, and collect such fees as they deem just and reasonable. Wrestling competitions shall be held only under license of the commission. *No person other than a person of the male sex shall participate in or be licensed to participate in any wrestling competition or wrestling exhibition.*

"(2) The commission shall collect a fee of six percent from the gross receipts of each competition. The secretary shall check the gross receipts and collect the six percent fee after each wrestling competition." (Italics ours.)

The principal question for decision is whether the foregoing ban against women wrestlers constitutes an unreasonable exercise of the police power of the state and violates Art XIV, § 1, of the U.S. Constitution and Art 1, § 20, of the Oregon Constitution. Is the classification contained in the statute arbitrary and unconstitutional, or is it based upon a reasonable distinction having a fair and substantial relation to the object of the legislation and, therefore, is constitutional?

Class legislation is permissible if it designates a class that is reasonable and natural and treats all within the class upon the basis of equality. We take judicial notice of the physical differences between men and women. These differences have been recognized in many legislative acts, particularly in the field of labor and industry, and most of such acts have been upheld as a proper exercise of the police power in the interests of the public health, safety, morals, and welfare. As we said in *State v. Baker,* 50 Or 381, 385, 92 P 1076, 13 LRA NS 1040:

"By nature citizens are divided into the two great classes of men and women, and the recognition of this classification by laws having for their object the promoting of the general welfare and good morals, does not constitute an unjust discrimination."

The Baker case involved a statute which prohibited women from entering and remaining in a saloon. The statute was upheld.

■ Moreover, there is no inherent right to engage in public exhibitions of boxing and wrestling. Both sports have long been licensed and regulated by penal statute and, in some cases, absolutely prohibited. It is axiomatic that the Fourteenth Amendment to the U. S. Constitution does not protect those liberties which civilized states regard as properly subject to regulation by penal law. Neither does Art 1, § 20, of the Oregon Constitution. *McHugh v. Mulrooney,* 258 NY 321, 179 NE 753, 83 ALR 693, and note commencing at page 696.

■ In addition to the protection of the public health, morals, safety, and welfare, what other considerations might have entered the legislative mind in enacting the statute in question? We believe that we are justified in taking judicial notice of the fact that the membership of the legislative assembly which enacted this statute was predominately masculine. The fact is important in determining what the legislature might have had in mind with respect to this particular statute, in addition to its concern for the public weal. It seems to us that its purpose, although somewhat selfish in nature, stands out in the statute like a sore thumb. Obviously it intended that there should be at least one island on the sea of life reserved for man that would be impregnable to the assault of woman. It had watched her emerge from long tresses and demure ways to bobbed hair and almost complete sophistication; from a creature needing and depending upon the protection and chivalry of man to one asserting complete independence. She had already invaded practically every activity formerly considered suitable and appropriate for men only. In the field of sports she had taken up, among other games, baseball, basketball, golf, bowling, hockey, long distance

swimming, and racing, in all of which she had become more or less proficient, and in some had excelled. In the business and industrial fields as an employe or as an executive, in the professions, in politics, as well as in almost every other line of human endeavor, she had matched her wits and prowess with those of mere man, and, we are frank to concede, in many instances had outdone him. In these circumstances, is it any wonder that the legislative assembly took advantage of the police power of the state in its decision to halt this ever-increasing feminine encroachment upon what for ages had been considered strictly as manly arts and privileges? Was the Act an unjust and unconstitutional discrimination against woman? Have her civil or political rights been unconstitutionally denied her? Under the circumstances, we think not.

If anyone is interested in reading a few authorities that might shed some light upon the subject, we recommend the following: *Christian et al. v. La Forge,* 194 Or 450, 460, 242 P2d 797; *State v. Bunting,* 71 Or 259, 139 P 731; *Muller v. State of Oregon,* 208 US 412, 52 L ed 551, 28 S Ct 324.

■■ We need not decide whether any portion of the statute under consideration constitutes an unconstitutional delegation of legislative power. Even if it did, that would not affect the validity of that portion of the statute under which defendant is being prosecuted. The several provisions of the statute are separable. The part thereof involved in this litigation is in no way dependent upon any other provision. It deals with a distinct and particular subject matter. It is obvious that with any other provision of the statute removed, except the penalty clause, the ban against wrestling by women would yet form a com-

plete act within itself. Its enforcement after separation would be entirely reasonable in the light of the act as originally drafted and enacted. That is all that is required to uphold the law. *Gilbertson et al. v. Culinary Alliance et al.*, 204 Or 326, 352, 282 P2d 632; 2 Sutherland, Statutory Construction, 3d ed, 178, § 2404.

The judgment is affirmed.

LATOURETTE, J., did not participate.