Argued December 2, 1968, reversed and remanded February 26,
petition for rehearing denied May 15, United States
Supreme Court denied certiorari November 10, 1969

## CITY OF PORTLAND, *Appellant, v.*
## CAROL DERRINGTON,
*Respondent.*

451 P2d 111

*Richard A. Braman,* Deputy City Attorney, Portland, argued the cause for appellant. With him on the brief were Alexander G. Brown, City Attorney, and Ellis E. Gerdes, Deputy City Attorney, Portland.

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

The City of Portland appeals from a judgment of the circuit court, upon a demurrer, the effect of which was to declare unconstitutional Section 16-917 of the City of Portland Police Code.

The ordinance provides as follows:①

"It is unlawful for any female person to appear or be in a place where food or alcoholic beverage is offered for sale for consumption on the premises, so costumed or dressed that one or both breasts are wholly or substantially exposed to public view."

The defendant's demurrer to a complaint charging a violation of the quoted section was accompanied by a stipulation that the defendant was employed as a dancer. The trial court held that dancing is a form of communication and thus is entitled to the free-speech protection of the First Amendment. While the trial court attempted to restrict its ruling to a case brought against a dancer, the judgment necessarily struck down the ordinance as it might apply to waitresses and other employes.

The California Supreme Court recently overthrew an "indecent-exposure" statute, holding that "topless" dancing is a mode of expression. See *In re Giannini*, 69 Cal 2d 563, 446 P2d 535, 72 Cal Rptr 655 (1968). When the challenged ordinance is tested solely with reference to its effect upon freedom of expression, it is difficult to disagree with the reasoning of the trial court and of the majority of the California court. We believe, however, that there is a valid distinction between conduct, which the government can regulate, and speech, which enjoys a high degree of immunity from regulation. *Cox v. Louisiana*, 379 US 559, 563-564, 85 S Ct 476, 13 L Ed 2d 487 (1965).

■ Once a court concludes that the performances and costumes of female attendants in bars and taverns

---

① The section was amended by Ordinance No. 125704, November 10, 1967. The amendment rearranged the wording and the punctuation, but did not change the content of the section.

can be regulated only within the First-Amendment limits upon the powers of the government to regulate speech, there is no limit but obscenity, whatever that is,[2] to the commercial exploitation of the weak, the foolish, and the deformed.[3] Neither the state nor the federal constitution requires a construction that would so limit the legislative function of city government. In cases of this kind, the court must look to the substance of the regulation and ask whether the elements of communication which may be present in the regulated conduct are significant enough to bring the entire course of conduct under the protection of the First Amendment. *Schneider v. State,* 308 US 147, 161, 60 S Ct 146, 84 L Ed 155 (1939).

The preamble to the challenged ordinance reads as follows:

"The Council finds that the trend toward a greater degree of undress by women employes of restaurants and liquor outlets in the City has become a competitive commercial exploitation of the female that is offensive and adverse to the public morals; that it is in the best interests of the peace, safety and good order of the City that Article 9 of Ordinance No. 76339, the Police Code, be amended to include a section prohibiting certain female attire in places serving food or liquor, or both, for consumption on the premises, as hereinafter set forth * * *."

■ When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct,

---

[2] See Redrup v. New York, 386 US 767, 87 S Ct 1414, 18 L Ed2d 515 (1967), a per curiam opinion that reveals the existence within the court of at least four different points of view on the constitutionality of obscenity laws.

[3] ORS 167.705 proscribes the public exhibition of persons entranced or hypnotized, and 167.710 proscribes the exhibition of deformed persons.

the nudity of employes is as fit a subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours.

In 1955, the Legislative Assembly was offended by the commercial exploitation of females by wrestling promoters who had discovered that a segment of the public would pay money to watch women wrestle. See ORS 463.130. We upheld the constitutionality of the proscriptive statute. *State v. Hunter,* 208 Or 282, 300 P2d 455 (1956). Equal privileges and immunities, rather than free speech, had been invoked against the wrestling statute.

In an earlier age of innocence, this court held that the government could, constitutionally, forbid women to frequent, or remain in, saloons, without regard to their state of dress or undress. See *State v. Baker,* 50 Or 381, 385, 92 P 1076, 13 LRA (ns) 1040 (1907). Again, however, speech was not made the issue.

■ Whether or not we agree with the wisdom of the city council's attempt to legislate morals, the question is not one of legislative wisdom, but one of constitutional power. The chief aim of the ordinance is to regulate conduct deemed by the lawmakers to be injurious to health, safety, and morals. The city's legislative judgment in the matter should be upheld unless the statute unreasonably impinges upon those elements of communication which may be incidental to the regulated conduct. We do not believe the interference with communication in the case at bar has enough substance to present a First Amendment question. The error in the court below was in treating the problem as one of free speech and nothing more.

■ It has also been argued in support of the demurrer that the ordinance in question is unconstitu-

tionally vague. Because the Circuit Court terminated this litigation on the free-speech issue, it did not reach the more difficult vagueness question. But, since we have concluded that the ordinance did not offend the First Amendment, we now must consider whether the ordinance unconstitutionally offends due process as vague and indefinite. The ordinance forbids substantial exposure.

The defendant says that a statute making it unlawful to be "so costumed or dressed that one or both breasts are wholly or substantially exposed to public view" could mean virtually anything an arresting officer might want it to mean. If this assertion were literally true, the statute would, of course, be unconstitutionally vague. *Cramp v. Bd. of Public Instruction,* 368 US 278, 82 S Ct 275, 7 L Ed 2d 285 (1961); *City of Portland v. James,* 251 Or 8, 444 P2d 554 (1968).

The vagueness question in the case at bar underscores the difficulty legislators have in attempting to translate clothing mores into positive law. If the ordinance were drawn so as to proscribe only the total exposure of the mammary structures, the city argues, it would be an invitation to evasion by the use of the token coverings referred to in the briefs as "pasties." Apparently the city council deemed pasties inadequate to overcome the supposed evils of pectoral nudity when employed to promote beverage sales, and elected to proscribe substantial as well as total exposure.

While the word "substantial" does not carry the degree of certainty found, for instance, in the Commandment, "Thou shalt not steal," it is not without meaning. In the context of the power of Congress to regulate commerce, for example, the word has proven

effective. See *Atlas Building Prod. Co. v. Diamond Block & Gravel Co.,* 269 F2d 950 (10th Cir), cert. denied 363 US 843 (1959), upholding against the challenge of vagueness the proscription against discriminatory conduct when the effect of such conduct may be to substantially lessen competition or tend to create a monopoly. 269 F2d at 955. As Mr. Justice Holmes said, in a Sherman Act case:

> "* * * [T]he law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death * * *." *Nash v. United States,* 229 US 373, 377, 33 S Ct 780, 57 L Ed 1232 (1913).

The language in *Nash v. United States* was cited with approval in *State v. Popiel,* 216 Or 140, 337 P2d 303 (1959), and in *State of Oregon v. Wojahn,* 204 Or 84, 282 P2d 675 (1955).

■ In *State of Oregon v. Wojahn,* we held that the word "reckless" as used in the negligent-homicide law was not unconstitutionally vague. We noted in passing, however, that a statute "which creates a new crime must express itself with clarity so that those who are about to engage in the conduct which it endeavors to prohibit may know by reading the statute that they will be subject to punishment if they proceed." 204 Or at 136.

■ When the challenged ordinance is examined in the context of its stated purpose, we believe the word "substantial" can be given effect without subjecting the public to harassment by easily offended police officers. We do not believe that the triers of fact in prosecutions under the ordinance will have any more

difficulty in determining guilt or innocence than they have in the cases of motorists charged with "reckless" driving, or with driving while under the influence of intoxicants.

Reversed and remanded, with instructions to overrule the demurrer.

O'CONNELL, J., dissenting.

"The performance of a dance for an audience constitutes a method of expression that, in the absence of proof of obscenity, warrants the protection of the First Amendment." *In re Giannini*, 72 Cal Rptr 655, 446 P2d 535, 538 (1968).[1] The complaint in the present case did not charge defendant with obscene conduct; she is charged only with exposing her breasts while "performing her duties as a dancer." Therefore, it is not necessary to decide whether the city could constitutionally prohibit topless dancing as obscene conduct. If the ordinance had prohibited all dancing for an audience in a place where food and alcoholic beverages were served, I assume that the majority would treat the ordinance as an invalid limitation on First Amendment rights. A proscription limited to dancing with exposed breasts would also violate the First Amendment unless the ordinance were construed to apply only to obscene dancing.

The majority opinion reasons that "[w]hen nudity is employed as sales promotion in bars and restaurants, nudity is conduct," and that "[a]s conduct, the nudity of employes is as fit a subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours."

---

[1] The city of Portland concedes that dancing can be a form of expression. Appellant's Brief, p. 17.

Defendant is willing to concede, I think, that "nudity" is "conduct" and subject to regulation. She takes the position, however, that "dancing" is "expression" and therefore is protected by the First Amendment unless it is shown that the dancing is obscene. If defendant's position is sound, and I think that it is, the city cannot inhibit defendant's right simply because it decides that her nudity may have an adverse moral effect on the community or that it might cause disturbances in the restaurant. Even if dancing were held to be entitled to less protection than some other forms of expression, certainly it cannot be prohibited merely because a part of the public, even a majority, regards non-obscene nude dancing as unacceptable. See *Kingsley International Pictures Corp. v. Regents,* 360 US 684, 79 S Ct 1362, 3 L Ed2d 1512 (1959). And assuming that such dancing may cause disturbances within the restaurant, there are measures short of depriving citizens of their constitutional rights which the city can employ to control such disturbances.[2]

DENECKE, J., concurs in this dissent.

---

[2] When such measures are available constitutional rights may not be infringed upon. United States v. Robel, 389 US 258 (1968); Schneider v. State, 308 US 147 (1939).