465 P.2d 635

**Sally M. REED, Plaintiff-Respondent,**

v.

**Cecil R. REED, Administrator In the Matter of the Estate of Richard Lynn Reed, Deceased, Defendant-Appellant.**

**No. 10417.**

Supreme Court of Idaho.

Feb. 11, 1970.

Rehearing Denied March 24, 1970.

---

Charles S. Stout, Boise, for defendant-appellant.

Derr, Derr & Walters, Boise, and Robert F. McLaughlin, Mountain Home, for plaintiff-respondent.

McFADDEN, Chief Justice.

Richard Lynn Reed, the adopted son of Sally M. Reed and Cecil R. Reed, died intestate on March 29, 1967, in Ada County. According to the respective petitions of his mother Sally M. Reed, and of his father, Cecil R. Reed, his parents were his only heirs at law.

Sally M. Reed, the respondent herein, as the decedent's mother, filed her petition for probate of his estate on November 6, 1967. Prior to the time set for the hearing on this petition, Cecil R. Reed, the father, also petitioned for letters of administration.

The Ada County probate judge deemed himself disqualified to act and the cause was heard before another probate judge, pursuant to stipulation. The cause was heard on the petitions for administration of the respective parties, and the probate court entered its order appointing appellant Reed (the father). The probate court in

entering its order noted that each of the parties was equally entitled to letters of administration under I.C. § 15–312, but that Mr. Reed, the appellant, was entitled to a preference by reason of I.C. § 15–314, which provides that as between persons equally entitled to administer an estate, males must be preferred to females.

On April 23, 1968 the respondent (the mother) appealed to the district court contending that I.C. § 15–314 is unconstitutional as a violation of the Idaho Civil Rights Act (I.C. § 18–7301 et seq.), the Fourteenth Amendment of the United States Constitution and Art. 1, § 1 of the Idaho Constitution. The district court reversed the order of the probate court on the ground that I.C. § 15–314 violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and returned the case to the probate court for a determination, disregarding the preference set out by I.C. § 15–314, of who is entitled to the letters of administration. The appellant has appealed to this court contending that the district court erred in holding I.C. § 15–314 unconstitutional.

I.C. § 15–312 provides that

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

1. The surviving husband or wife or some competent person whom he or she may request to have appointed.

2. The children.

3. The father or mother. * * *"

This section is followed by I.C. § 15–314 which provides that

"Of several persons claiming and equally entitled to administer, males must be preferred to females, and relatives of the whole to those of the half blood."

Since, then, under I.C. § 15–312 a father and mother are "equally entitled" to letters of administration, the father has a preference by virtue of I.C. § 15–314.

This court has said before that the priorities established by I.C. § 15–312 are mandatory, leaving no room for discretion by the court in the appointment of administrators. Vaught v. Struble, 63 Idaho 352, 120 P.2d 259 (1941). Similarly the preference given males by I.C. § 15–314 is also mandatory; the statute itself says that males *must* be preferred to females. Other courts construing similar provisions have also held that the preference is mandatory. In re Coan's Estate, 132 Cal. 401, 64 P. 691 (1901).

The respondent, however, contends that I.C. § 15–314 violates the equal protection clause of the Fourteenth Amendment of the Federal Constitution because the discrimination against females as a class is not based upon any rational policy, but rather is arbitrary and capricious. She contends that there is no justifiable basis for granting males a preference merely on the basis of sex.

It is well settled that the equal protection clause of the Fourteenth Amendment does not preclude the legislature from making classifications and drawing distinctions between classes. It merely prohibits classifications which are arbitrary and capricious. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964). It is for the courts to determine in each instance whether a particular classification rests upon rational grounds or is in fact without justification and arbitrary. Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); McLaughlin v. Florida, supra.

It is equally well settled that legislative enactments are entitled to a presumption of validity and that a classification will not be held unconstitutional absent a clear showing that it is arbitrary and without justification. Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695 (1950).

I.C. § 15–312 classifies individuals as to their relationship to a decedent and

gives to those most closely related to the decedent a preference for appointment as administrator. This classification is basically in accord with the law as to the intestate succession of property in Idaho. I. C. § 14–103. Those first entitled to succeed to the property have a priority over subsequent successors insofar as entitlement to administer is concerned. This is a basic and rational classification insofar as I.C. § 15–312 is concerned. However, unlike determination of succession of property where a court may award to individuals in a class a proportionate share of property without complication, the naming of an administrator out of a particular class becomes more involved. Generally only one administrator is named, although by joint petition it is possible for joint administrators to be named from a particular class.

When two or more persons of a class, as established by I.C. § 15–312, individually seek administration of an estate, the court is faced with the issue of which one should be named. By I.C. § 15–314, the legislature eliminated two areas of controversy, i.e., if both a man and a woman of the same class seek letters of administration, the male would be entitled over the female, the same as a relative of the whole blood is entitled over a relative of the same class but of only the half blood. This provision of the statute is neither an illogical nor arbitrary method devised by the legislature to resolve an issue that would otherwise require a hearing as to the relative merits as to which of the two or more petitioning relatives should be appointed.

Philosophically it can be argued with some degree of logic that the provisions of I.C. § 15–314 do discriminate against women on the basis of sex. However nature itself has established the distinction and this statute is not designed to discriminate, but is only designed to alleviate the problem of holding hearings by the court to determine eligibility to administer. This is one of those areas where a choice must be made, and the legislature by enacting I.C. § 15–314 made the determination.

The legislature when it enacted this statute evidently concluded that in general men are better qualified to act as an administrator than are women. As the United States Supreme Court pointed out in Morey v. Doud, supra,

> " 'A classification having some reasonable basis does not offend against that clause [equal protection clause] merely because it is not made with mathematical nicety or because in practice it results in some inequality. * * * One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369." 77 S.Ct. at 1349.

While this classification may not be entirely accurate, and there are doubtless particular instances in which it is incorrect, we are not prepared to say that it is so completely without a basis in fact as to be irrational and arbitrary. We are concerned only with whether the classification is so irrational and arbitrary that it violates the constitution, and it is our opinion that it is not.

States have recognized the validity of classifications based upon sex in a variety of situations. See 2 Stan.L.Rev. 691. This court has held that a woman cannot bind her separate property by signing an appeal bond when it is not for her own use and benefit. See Craig v. Lane, 60 Idaho 178, 89 P.2d 1008 (1939). There are also several other cases from other jurisdictions upholding statutes discriminating on the basis of sex when there is a rational basis for distinguishing between the sexes. See State v. Hunter, 208 Or. 282, 300 P.2d 455 (1956); Patterson v. City of Dallas, 355 S.W.2d 838 (Tex.Civ.App.1962); State v. Hollman, 232 S.C. 489, 102 S.E.2d 873 1958); Eskridge v. Division of Alcoholic Beverage Control, 30 N.J.Super. 472, 105 A.2d 6 (1954); State v. Emery, 224 N.C. 581, 31 S.E.2d 858, 157 A.L.R. 441

(1944) ; In re Mahaffay's Estate, 79 Mont. 10, 254 P. 875 (1927).

As this court stated in Newland v. Child, 73 Idaho 530, 254 P.2d 1066 (1953),

"It is recognized that the legislature has broad discretionary power to make classifications of persons and property for all purposes which it may lawfully seek to accomplish. So long as the classifications are based upon some legitimate ground of difference between the persons or objects classified, are not unreasonable or arbitrary, and bear a reasonable relation to the legislative purpose, such classifications do not violate the constitution." 73 Idaho at 539–540, 254 P.2d at 1071.

It is our opinion that the state has a legitimate interest in promoting the prompt administration of estates and that the statute in question promotes this interest by curtailing litigation over the appointment of administrators. In addition it is supported by the presumption of constitutionality.

■ The respondent also contends that I.C. § 15–314 violates the newly enacted Idaho Civil Rights Act. I.C. § 18–7301 et seq. That act, however, provides a remedy for, among other things, sexual discrimination in employment or public accommodations. It is our opinion that it is inapplicable here. Moreover, the legislature could not have intended by that enactment to prohibit all discrimination based on sex. As is the case with the equal protection clause of the Fourteenth Amendment, discrimination based upon the differences between men and women which is not wholly irrational or arbitrary and which is utilized to accomplish a legitimate objective is not condemned.

The judgment of the district court is reversed and the order of the probate court awarding letters of administration to the appellant is reinstated. Costs to appellant.

McQUADE, SHEPARD and SPEAR, JJ., and FELTON, District Judge, concur.