Argued January 21, affirmed in part; reversed in part;
February 19, 1970

STATE OF OREGON, *Appellant, v.*
SANDRA CUNNINGHAM BEARCUB and
ERNEST C. BEARCUB, *Respondents.*

465 P. 2d 252

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for the appellant. With him on the brief was George Van Hoomissen, District Attorney, Portland.

*James A. Luebke*, Portland, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

The defendants, before their marriage, were jointly indicted under ORS 418.140, for unlawfully sharing public assistance.

They demurred separately to the indictment on grounds that no crime was stated and that every statute can embrace only one subject and this statute is "buried in a chapter relating to child welfare services." Each demurrer was sustained.

ORS 418.140 provides:

"(1) No male person over the age of 18 years * * * shall habitually accept subsistence or lodging in the dwelling place of any female householder, who is the recipient of aid * * *."

Sandra contends that only a male can be prosecuted under this statute; hence, no crime can be stated under it as to her. The state contends that a female can be guilty of the crime by aiding and abetting the male who violates the statute. ORS 161.220 makes principals of all persons concerned in the commission of a crime.

In *State v. Fraser*, 105 Or 589, 209 P 467 (1922), a

corporation and its president were alleged to have violated the Blue Sky Law. The court said that a person who cannot alone commit a particular crime, can, by aiding and abetting another against whose class the statute is directed, become criminally liable under the statute. This case and *State v. Case*, 61 Or 265, 122 P 304 (1912), cited therein, might be authority for the state's contention but for the fact that ORS 418.140 indicates the statute is directed only at the male. Subsection (2) makes it a defense if "the person accused has fully paid to the female householder" the costs of subsistence, etc. By this language of the statute, the legislature obviously intended that only the male would be accused. It would be absurd if the female householder, in this case, Sandra, who was receiving welfare aid, could be accused under the statute, but have a good defense by paying her welfare money from one of her pockets into another. The first demurrer was correctly sustained.

■ The trial court sustained Ernest's demurrer on grounds that are not clear from the transcript. Apparently, it was sustained because ORS 418.140 is part of an act having to do with civil as distinguished from criminal matters. The state points out that this is common and unchallenged practice in drafting statutes, and defendants' brief concedes that this ground is insufficient. But defendant contends for the first time on appeal that classifying males and females differently under this act is unreasonable and a violation of the equal protection provisions of state and federal constitutions. The defendant says "Surely a male should have equal rights with a female to live as a lodger in the household of a female aid recipient, without being a criminal."

■ The Creator took care of classifying men and wo-

men differently, and if the legislature accepts these differences in a matter like this, we are not prepared to say that the classifications thus made were without good reason.

Against the defendant Ernest Bearcub the indictment was good and the demurrer should have been overruled. The cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part.