## REED v. REED, ADMINISTRATOR

No. 70–4.  Argued October 19, 1971—Decided November 22, 1971

*Allen R. Derr* argued the cause for appellant.  With him on the briefs were *Melvin L. Wulf, Ruth Bader Ginsburg, Pauli Murray,* and *Dorothy Kenyon.*

*Charles S. Stout* argued the cause for appellee.  With him on the brief was *Myron E. Anderson.*

Briefs of *amici curiae* urging reversal were filed by *J. Lee Rankin* and *Norman Redlich* for the City of New York; by *Martha W. Griffiths, Phineas Indritz, Leo Kanowitz, Marguerite Rawalt, Sylvia Roberts,* and *Faith Seidenberg* for American Veterans Committee, Inc., et al.; and by *Birch Bayh* for the National Federation of Business and Professional Women's Clubs, Inc.

MR. CHIEF JUSTICE BURGER delivered the opinion of the Court.

Richard Lynn Reed, a minor, died intestate in Ada County, Idaho, on March 29, 1967.  His adoptive parents, who had separated sometime prior to his death, are the parties to this appeal.  Approximately seven months after Richard's death, his mother, appellant Sally Reed, filed a petition in the Probate Court of Ada County,

seeking appointment as administratrix of her son's estate.[1] Prior to the date set for a hearing on the mother's petition, appellee Cecil Reed, the father of the decedent, filed a competing petition seeking to have himself appointed administrator of the son's estate. The probate court held a joint hearing on the two petitions and thereafter ordered that letters of administration be issued to appellee Cecil Reed upon his taking the oath and filing the bond required by law. The court treated §§ 15–312 and 15–314 of the Idaho Code as the controlling statutes and read those sections as compelling a preference for Cecil Reed because he was a male.

Section 15–312 [2] designates the persons who are entitled to administer the estate of one who dies intestate. In making these designations, that section lists 11 classes of persons who are so entitled and provides, in substance,

---

[1] In her petition, Sally Reed alleged that her son's estate, consisting of a few items of personal property and a small savings account, had an aggregate value of less than $1,000.

[2] Section 15–312 provides as follows:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

"1. The surviving husband or wife or some competent person whom he or she may request to have appointed.

"2. The children.

"3. The father or mother.

"4. The brothers.

"5. The sisters.

"6. The grandchildren.

"7. The next of kin entitled to share in the distribution of the estate.

"8. Any of the kindred.

"9. The public administrator.

"10. The creditors of such person at the time of death.

"11. Any person legally competent.

"If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of his estate."

that the order in which those classes are listed in the section shall be determinative of the relative rights of competing applicants for letters of administration. One of the 11 classes so enumerated is "[t]he father or mother" of the person dying intestate. Under this section, then, appellant and appellee, being members of the same entitlement class, would seem to have been equally entitled to administer their son's estate. Section 15–314 provides, however, that

"[o]f several persons claiming and equally entitled [under § 15–312] to administer, males must be preferred to females, and relatives of the whole to those of the half blood."

In issuing its order, the probate court implicitly recognized the equality of entitlement of the two applicants under § 15–312 and noted that neither of the applicants was under any legal disability; the court ruled, however, that appellee, being a male, was to be preferred to the female appellant "by reason of Section 15–314 of the Idaho Code." In stating this conclusion, the probate judge gave no indication that he had attempted to determine the relative capabilities of the competing applicants to perform the functions incident to the administration of an estate. It seems clear the probate judge considered himself bound by statute to give preference to the male candidate over the female, each being otherwise "equally entitled."

Sally Reed appealed from the probate court order, and her appeal was treated by the District Court of the Fourth Judicial District of Idaho as a constitutional attack on § 15–314. In dealing with the attack, that court held that the challenged section violated the Equal Protection Clause of the Fourteenth Amendment [3] and was, there-

---

[3] The court also held that the statute violated Art. I, § 1, of the Idaho Constitution.

fore, void; the matter was ordered "returned to the Probate Court for its determination of which of the two parties" was better qualified to administer the estate.

This order was never carried out, however, for Cecil Reed took a further appeal to the Idaho Supreme Court, which reversed the District Court and reinstated the original order naming the father administrator of the estate. In reaching this result, the Idaho Supreme Court first dealt with the governing statutory law and held that under § 15–312 "a father and mother are 'equally entitled' to letters of administration," but the preference given to males by § 15–314 is "mandatory" and leaves no room for the exercise of a probate court's discretion in the appointment of administrators. Having thus definitively and authoritatively interpreted the statutory provisions involved, the Idaho Supreme Court then proceeded to examine, and reject, Sally Reed's contention that § 15–314 violates the Equal Protection Clause by giving a mandatory preference to males over females, without regard to their individual qualifications as potential estate administrators. 93 Idaho 511, 465 P. 2d 635.

Sally Reed thereupon appealed for review by this Court pursuant to 28 U. S. C. § 1257 (2), and we noted probable jurisdiction. 401 U. S. 934. Having examined the record and considered the briefs and oral arguments of the parties, we have concluded that the arbitrary preference established in favor of males by § 15–314 of the Idaho Code cannot stand in the face of the Fourteenth Amendment's command that no State deny the equal protection of the laws to any person within its jurisdiction.[4]

---

[4] We note that § 15–312, set out in n. 2, *supra,* appears to give a superior entitlement to brothers of an intestate (class 4) than is given to sisters (class 5). The parties now before the Court are not

Idaho does not, of course, deny letters of administration to women altogether. Indeed, under § 15–312, a woman whose spouse dies intestate has a preference over a son, father, brother, or any other male relative of the decedent. Moreover, we can judicially notice that in this country, presumably due to the greater longevity of women, a large proportion of estates, both intestate and under wills of decedents, are administered by surviving widows.

Section 15–314 is restricted in its operation to those situations where competing applications for letters of administration have been filed by both male and female members of the same entitlement class established by § 15–312. In such situations, § 15–314 provides that different treatment be accorded to the applicants on the basis of their sex; it thus establishes a classification subject to scrutiny under the Equal Protection Clause.

In applying that clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. *Barbier* v. *Connolly*, 113 U. S. 27 (1885); *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61 (1911); *Railway Express Agency* v. *New York*, 336 U. S. 106 (1949); *McDonald* v. *Board of Election Commissioners*, 394 U. S. 802 (1969). The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into

affected by the operation of § 15–312 in this respect, however, and appellant has made no challenge to that section.

We further note that on March 12, 1971, the Idaho Legislature adopted the Uniform Probate Code, effective July 1, 1972. Idaho Laws 1971, c. 111, p. 233. On that date, §§ 15–312 and 15–314 of the present code will, then, be effectively repealed, and there is in the new legislation no mandatory preference for males over females as administrators of estates.

different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co.* v. *Virginia,* 253 U. S. 412, 415 (1920). The question presented by this case, then, is whether a difference in the sex of competing applicants for letters of administration bears a rational relationship to a state objective that is sought to be advanced by the operation of §§ 15–312 and 15–314.

In upholding the latter section, the Idaho Supreme Court concluded that its objective was to eliminate one area of controversy when two or more persons, equally entitled under § 15–312, seek letters of administration and thereby present the probate court "with the issue of which one should be named." The court also concluded that where such persons are not of the same sex, the elimination of females from consideration "is neither an illogical nor arbitrary method devised by the legislature to resolve an issue that would otherwise require a hearing as to the relative merits . . . of the two or more petitioning relatives . . . ." 93 Idaho, at 514, 465 P. 2d, at 638.

Clearly the objective of reducing the workload on probate courts by eliminating one class of contests is not without some legitimacy. The crucial question, however, is whether § 15–314 advances that objective in a manner consistent with the command of the Equal Protection Clause. We hold that it does not. To give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause of the Fourteenth Amendment; and whatever may be

said as to the positive values of avoiding intrafamily controversy, the choice in this context may not lawfully be mandated solely on the basis of sex.

We note finally that if § 15–314 is viewed merely as a modifying appendage to § 15–312 and as aimed at the same objective, its constitutionality is not thereby saved. The objective of § 15–312 clearly is to establish degrees of entitlement of various classes of persons in accordance with their varying degrees and kinds of relationship to the intestate. Regardless of their sex, persons within any one of the enumerated classes of that section are similarly situated with respect to that objective. By providing dissimilar treatment for men and women who are thus similarly situated, the challenged section violates the Equal Protection Clause. *Royster Guano Co. v. Virginia, supra.*

The judgment of the Idaho Supreme Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*