525 P.2d 956

John J. DAHL, Plaintiff-Appellant,

v.

The STATE TAX COMMISSION of the State of Idaho et al., Defendants-Respondents.

No. 11515.

Supreme Court of Idaho.

July 26, 1974.

Michael E. McNichols, Orofino, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., William McDougall, Asst. Atty. Gen., Boise, for defendants-respondents.

SHEPARD, Chief Justice.

Plaintiff-Appellant Dahl is a widower. Following the death of his wife he filed a transfer and inheritance tax return upon which the Tax Commission assessed a deficiency. The deficiency was assessed and determined on the basis that Dahl was not entitled to an exemption under the provisions of I.C. § 14–408. That statute provides an exemption of $10,000 "to the widow or to a minor child of the decedent" but to other persons (including the plaintiff-appellant herein) an exemption of only $4,000.

Plaintiff-appellant has asserted in the lower court and here that the provisions of I.C. § 14–408 are violative of the Fourteenth Amendment of the United States Constitution in that the statute affords different treatment to persons solely on the basis of their sex and thus establishes a classification subject to scrutiny under the equal protection clause. In short, since appellant is a widower rather than a widow he suffers a loss of $6,000 worth of exemptions and such loss results solely from his sex. *See* Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). The trial court upon appropriate motion granted summary judgment in favor of the defendant-respondent herein and upheld the constitutionality of the statute in question.

Implicit in the position of both parties is that the case of Kahn v. Shevin, —— U.S. ——, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974) is determinative of the result to be reached herein. That case was pending at the time of the determination of this matter by the district court but since that time the decision has issued and is contrary to the position of plaintiff-appellant herein.

In *Kahn* the same type of acts and statutes were presented and the arguments were analogous to those in the case at bar. The court in *Kahn* held that Florida's differing treatment as between widows and widowers in the granting of tax exemptions did not constitute a denial of equal protection and thus was not violative of the Fourteenth Amendment of the United States Constitution in that:

"There can be no dispute that the financial difficulties confronting the lone woman in Florida or in any other State exceed those facing the man . . .

The disparity is likely to be exacerbated for the widow * * *"

While we might well disagree as to whether or not facts sustain such judicial knowledge by the United States Supreme Court, and while such language is passing strange in contrast with the previous language of that court in Reed v. Reed, *supra,* nevertheless the decision in *Kahn* is binding, conclusive and dispositive of plaintiff-appellant's argument in the case at bar.

Affirmed. Costs to Respondents.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.