Argued February 17, affirmed March 8, reconsideration denied April 14, petition for review denied May 11, 1976

STATE OF OREGON, *Respondent,*

*v.*

JOHN OLIVER ELMORE, *Appellant.*

(No. C 75-04-1438 Cr, CA 5098)

546 P2d 1117

*Donald H. Turner,* Willamette College of Law, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

On a written stipulation of facts defendant was convicted of the second count in an indictment charging him with, Count I, forcible rape, and, Count II, second degree rape upon "a female under the age of fourteen years * * *." ORS 163.365(1)(b). Count I was dismissed. The cited statute provides:

"(1) A male who has sexual intercourse with a female commits the crime of rape in the second degree if:

"* * * * *

"(b) The female is under 14 years of age."

The stipulation was that defendant, an adult, had sexual intercourse on the day alleged with a female 12 years old, that she "was scared because" defendant "was larger and older than she," that she "did not resist," and that defendant "did not threaten * * * [or] use * * * any force * * *."

■ A demurrer to the second count was overruled. It was based upon the contention that the rape statute based upon age and sex of the victim is unconstitutional because it violates equal-protection-of-the-law guarantees of state and federal constitutions. Oregon Constitution, Art I, § 20; U. S. Constitution, Fourteenth Amendment. Traditionally, courts have held that in criminal statutes classifications based upon sex of individuals are reasonable and do not violate constitutional equal protection. The concept of rape being a crime committed by males long preceded the enactment of equal protection provisions in our constitutions. It would be sophistry to contend the founding fathers had any thought of changing such concepts as the constitutions were enacted.

In a case involving a charge against a man based on a statute making it unlawful for a man to live on a woman's welfare grant, we said:

"The Creator took care of classifying men and women differently, and if the legislature accepts these differences in a matter like this, we are not prepared to say

[ 653 ]

that the classifications thus made were without good reason." *State v. Bearcub,* 1 Or App 579, 581-82, 465 P2d 252 (1970).

The defendant argues, however, that even though similar attacks against similar statutes have been unsuccessful the reasons assigned by courts do not stand up against close scrutiny and recent trends of constitutional interpretation. He lists those reasons as: (1) Only males can commit the crime; (2) the sexes are physically different; (3) males are stronger, more aggressive and more dangerous; and (4) the female becomes pregnant and therefore requires more protection. These arguments favoring such legislation all appear to us to be not only reasonable, but also quite strong reasons for classification *in the context of the subject matter involved.*

Typical of the recent decisions upon which defendant relies is a statement from the California Supreme Court in 1971 to the effect that classifications based on sex "should be treated as suspect." *Sail'er Inn, Inc. v. Kirby,* 5 Cal 3d 1, 17, 95 Cal Rptr 329, 485 P2d 529 (1971). Reading on in that opinion, we find the court talked about employment for women, which was the issue involved, and "laws which disable women from full participation in the political, business and economic arenas * * *." 5 Cal 3d at 20. Never does the case mention a context like that here involved.

Defendant also contends that an Oregon statute that makes it a misdemeanor for a woman to have sexual intercourse "with a boy of this age" would allow only a maximum sentence of one year for the woman (ORS 163.435(1)(b)—a woman over 18 years of age engaging in sexual intercourse with a male under 18 years of age commits the crime of contributing to the sexual delinquency of a minor). Defendant contends equality requires that he can only be sentenced to one year, as distinguished from the ten years to which he was sentenced. This argument is subject to the same answer as defendant's first contention, plus the obser-

vation that it is the prerogative of the legislature, and the sentencing court within the statutory limits set by the legislature, to assess the penalty. *State v. Trujillo,* 7 Or App 236, 489 P2d 977 (1971), Sup Ct *review denied* (1972), *overruled on other grounds State v. Martin,* 15 Or App 498, 505, 516 P2d 753 (1973), Sup Ct review denied (1974).

Affirmed.

**SCHWAB, C. J.,** concurring.

As the law governing the permissible limits of legal distinctions between men and women evolves, there is a danger that anything we say today will be found amusing by future generations because of a changed social and legal climate. The twenty-year-old language in *State v. Hunter,* 208 Or 282, 286-88, 300 P2d 455 (1956), is already sadly dated. The same could be said about the six-year-old language in *State v. Bearcub,* 1 Or App 579, 581-82, 465 P2d 252 (1970), repeated again today.

The statutory scheme here attacked is, frankly, a hangover from an earlier era when double standards applying to men and women were more widely accepted. Nevertheless, I think it reasonable to conclude that this statutory scheme *currently* survives constitutional scrutiny based on the following reasoning: (1) it is not unconstitutional for the legislature to make the judgment that there is an age below which a person, male or female, is incapable of making genuine consent to participation in sexual acts—this is the basis for making sexual relations with young persons, male and female, criminal; and (2) when the young person involved is a female, the possibility of her becoming pregnant without legally effective consent is a rational basis for making the crime more serious than when the young person involved is a male.