555 P.2d 679

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NOS. JS 1308 AND JS 1412.**

**No. 1 CA–JUV 49.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 30, 1976.

Petition for Review Denied Oct. 26, 1976.

Bruce E. Babbitt, Atty. Gen., by Tom A. Jacobs, Asst. Atty. Gen., Phoenix, for appellees.

Lewis & Roca by Anthony R. Lucia, Phoenix, for appellant.

## OPINION

OGG, Judge.

In this juvenile appeal we are concerned with the validity of an order entered by the juvenile judge which severed the parental rights as to four minor children. The natural mother of the four children contested the severance and now brings this appeal.

The natural father of three of the minor children has signed relinquishments. The alleged natural father of the remaining child denied paternity and has failed and refused to support this child or maintain any relationship with the child.

At the conclusion of an extensive hearing, wherein the appellant natural mother was represented by able counsel, the juvenile court entered an order severing the parental rights of the mother, the natural father and any other person claiming to be the father of these minor children. The court vested legal custody in the Maricopa County Office of the Arizona Department of Economic Security with authority in the Department to place the children in adoption.

In the order of severance the court made the following pertinent findings:

The Court finds that the natural mother (name deleted), suffers from a mental deficiency, mental retardation, and a mental illnesss, schizophrenia, which, in combination, render her *unable to provide any parental guidance or control*.

The Court further finds that this combination of mental illness will continue for a prolonged indeterminate period, in all likelihood for the life of the respondent mother. [Emphasis added]

The major issue raised in this appeal claims that the juvenile judge's order

is defective because the judge never made the required statutory finding that the natural mother is unable to discharge her parental responsibilities.

The relevant statutes on the severance of parental rights are contained in Chapter 5, Article 2 of Title VIII, ARS § 8–531, et seq. The pertinent statute challenged in this appeal is § 8–533, which reads:

Any person or agency that has a legitimate interest in the welfare of a child, including, but not limited to, a relative, foster parent, physician, department of welfare, or a private licensed child welfare agency, may file a petition for the termination of the parent-child relationship if one or more of the following grounds exist:

\* \* \* \* \* \*

3. That the parent is *unable to discharge the parental responsibilities* because of mental illness or mental deficiency and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period. [Emphasis added]

The appellant argues that it is reversible error for the court to fail to make a finding that the parent is "unable to discharge the parental responsibilities" as required by the wording of ARS § 8–533(3). Appellant contends that the wording in the order finding the natural mother is "unable to provide any parental guidance or control" does not comply with the requirements of the statute. Appellant reasons that to terminate the parent-child relationship on the standard used by the court violates the due process clause of the Fourteenth Amendment to the United States Constitution.

We believe that a reasonable interpretation of the statute would warrant a finding that when a parent is unable to provide any parental guidance or control that such a parent is unable to discharge the parental responsibilities. We also agree that there are other parental responsibilities in addition to providing parental guidance and control.

We place no mystic meaning on the terms "unable to discharge the parental responsibilities" as used in the statute and believe we must look to the facts in each case to determine if they support the order.

The facts in this case are overwhelming that the natural mother has never been able to discharge her parental responsibilities. Four doctors testified at the hearing and submitted reports. All found her unable to care for herself or her children. As an example of the testimony, Dr. Thomas P. O'Brien examined the mother on February 5, 1976, and diagnosed her as a "chronic schizophrenic with mental retardation and organic learning disability." Dr. O'Brien found her judgment to be "abysmally bad" and recommended that her children not be returned. The mother testified in this case and was unable to remember the names of all her children.

The burden of proof for the termination of parental rights is a preponderance of the evidence. ARS § 8–537(B). *In Re Appeal in Maricopa County, Juvenile Action No. JS–378*, 21 Ariz.App. 202, 517 P.2d 1095 (1974). In such a case the findings of the juvenile court shall not be set aside unless they are clearly erroneous. *In Re Appeal in Maricopa County, Juvenile Action No. JS–378*, supra. We find the evidence in this case clearly supports the findings and order made by the juvenile court.

The appellant's court appointed counsel for this appeal, who has done an excellent job in representing the appellant before this court, also argues that the Arizona severance statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution because it applies only to one class of parents, the mentally ill or mentally deficient. Appellant reasons that the court cannot take any action with respect to non-mentally ill or non-mentally deficient parents even though they may also be unable to discharge their parental responsibilities.

The state alleges it has a compelling interest in child welfare and that there is no equal protection violation since the challenged classification is reasonable.

In our opinion this is a reasonable classification and the terms "unable to discharge the parental responsibilities" as used in ARS § 8–533(3) only sets a standard by which the court can determine if the parent's mental illness is to such a serious condition that the parental rights of such parent should be terminated. The state can terminate the parental relationship of non-mentally ill parents for a variety of reasons as set out in ARS § 8–533 (abandonment, neglect, conviction of a felony and unfitness). We do not find the mentally ill parent to be an unreasonable classification as used in this statute and we find the challenged statutory scheme for the severance of parental rights to be reasonable and not in violation of the equal protection clause of the Fourteenth Amendment. See the standard test set forth in *Reed v. Reed*, 404 U.S. 71, 92 S. Ct. 251, 30 L.Ed.2d 225 (1971).

The orders of the juvenile court are affirmed.

DONOFRIO, P. J., and NELSON, J., concur.