■ WALTER J. PHILLIPS, Petitioner, v. STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Determination of the State Human Rights Appeal Board dated December 7, 1972 which affirmed the order of the State Division of Human Rights made on June 15, 1972, dismissing the complaint, is confirmed and the petition brought pursuant to section 298 of the Executive Law is dismissed without costs or disbursements. In upholding the dismissal of the complaint the Appeal Board unanimously stated: "Nothing in the record shows that Kennedy Girls, Inc., although it bears the name 'girls', restricted its employment to females only, nor that this Appellant, or males, were denied opportunity for employment because of their sex. Had the Appellant in the case at bar applied at Kennedy Girls, Inc. for employment and then been denied employment because of his sex, he would thereafter have had a basis for his claim of unlawful discrimination against the corporation. We find no evidence in the file to support the conclusions of Appellant. We believe it would be an infringement upon the Respondent's rights as a corporation duly authorized to do business in the State of New York to require them to eliminate their name, or a part thereof, under the theory advanced by this Appellant." We agree fully with the conclusions and findings of the Appeal Board and believe that the complaint was properly dismissed. Concur — McGivern, J. P., Nunez, Murphy and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: The majority, by affirming the order of the State Division of Human Rights, agrees that there is lack of probable cause in the contention by the petitioner. I must dissent. The facts are quite simple, but the issue is complex, because it evolves from the history of the status of the male and the female since Adam and Eve.* The appellant, recently arrived in New York City from Oklahoma, is a male who filed a verified complaint, charging a violation by Kennedy Girls, Inc., an employment agency, of New York State Human Rights Law (Executive Law, § 296, subd. 1, par. [d]) making it a discriminatory practice "(d) For any employer or employment agency to print or circulate or cause to be printed or circulated any statement, advertisement or publication, or to use any form of application for employment or to make any inquiry in connection with prospective employment, which expresses directly or indirectly, any limitation, specification or discrimination as to * * * sex, or any intent to make any such limitation, specification or discrimination, unless based upon a bona fide occupational qualification". The State Human Rights Appeal Board found nothing in the record to show that Kennedy Girls, Inc. "restricted its employees to females only, nor that this appellant or males were denied opportunity for employment because of their sex". They went on to say: "We believe it would be an infringement upon the Respondent's rights as a corporation duly authorized to do business in the State of New York to require them to eliminate their name, or a part thereof, under the theory advanced by this Appellant." I would rule that there is probable cause to find that the name is a violation. Inherently it is discriminatory because it impliedly excludes a male. It has

---

* See Preliminary Selected Checklist on Legal Aspects of Sex and Sex Based Discrimination (26 Record of Association of Bar of City of New York, p. 711).

an *in terrorem* effect, although subtly conveyed. If the name of a corporation said " Whites Only ", we would not find lack of probable cause simply because some nonwhites were employed. While there has been a rule of construction under which females are included in words imparting the masculine gender (the masculine shall embrace the feminine), the converse has not been true. Further, in practice, there is antipathy toward this approach. The word " Chairman ", e.g., would include a female, but it is rejected in favor of " Chairperson ", avoiding gender. (See, also, Write It Right, by Biskind, N. Y. L. J., May 9, 1972, p. 4, col. 4; London Letter, by Cowper, N. Y. L. J., Jan. 29, 1973, p. 4, col. 4.) In *Reed* v. *Reed* (404 U. S. 71) the United States Supreme Court struck down a State statute that avoided a hearing on qualification to be appointed to administer an estate by simply preferring the male to a female. If weight is given to the argument for insuring equal rights, the scales must balance.