MR. JUSTICE HODGES
delivered the opinion of the Court.
This is an unemployment compensation case in which the Industrial Commission denied petitioner Spann’s application for compensation. On this appeal, Spann challenges the constitutionality of a portion of 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4)(g). This provision of the Colorado Employment Security Act deals with the quitting of a job to accept a “better job” which does not last, and when benefits may, or may not be awarded, under such a situation.
Because of the constitutional challenge, this appeal was transferred from the Court of Appeals to this court pursuant to C.A.R. 50.
The provision of law involved here is, in our view, unconstitutional. We therefore reverse the order of the Industrial Commission and remand this case for a new hearing.
In support of his application, Spann testified at the hearing before a referee of the Industrial Commission that he quit a job for a better paying job. The better job had been “located” by him prior to quitting the job he had. Spann then testified that when the new job “was supposed to start,” he was not hired because the new potential employer “ran into difficulty.” The Industrial Commission’s finding, which is the basis for the denial of Spann’s application for unemployment compensation, is as follows:
“It is concluded that the claimant, in an attempt to improve the conditions of his employment, quit his job in order to take what he felt was a better job. Inasmuch as the new job did not materialize, it does not therefore meet the statutory *156 requirements of a better job.”
On this appeal, it is represented by Spann that he is prepared to prove at a new hearing — “that the ‘better job’ lasted less than ninety days due to lack of work;” that he had no knowledge or reason to know that the job would terminate in less than ninety days; and that its earlier termination was completely beyond his control. The significance of this will become apparent subsequently in this opinion.
After this case was concluded at the Industrial Commission level, the Colorado Court of Appeals in Adams v. Industrial Commission, 31 Colo. App. 340, 501 P.2d 1334 (1972), ruled in a similar case that 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4)(g)(iv) does not mean that because the new job did not materialize, the award of compensation is necessarily barred. In that case, Adams was denied unemployment compensation because the new job did not materialize, based on the Industrial Commission’s view that this provision of law meant that if the new job did not materialize, it could not be deemed a “better job.” In Adams, however, lack of work was not the reason why the new job did not materialize. We agree with this interpretation placed on this provision of law by the Colorado Court of Appeals. Had the Adams case been decided while this case was pending before the Industrial Commission, the above quoted finding undoubtedly would not have been made and used by the Industrial Commission as the sole basis for denying unemployment compensation in this case. It is also obvious here that had the Adams interpretation been in effect, far more comprehensive evidence would have been presented and required at the hearing to show entitlement to unemployment compensation. The evidence before the Industrial Commission, although sufficient to sustain a finding that the new job did not materialize, is wholly insufficient to make any other determination as to whether the constitutional prerequisites of 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4)(g) have been met.
A new hearing before the Industrial Commission is *157 required to give Spann the opportunity to show that he quit to accept a better job as required in 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4)(g)(i), which in pertinent part is quoted as follows:
“Accepting a better job. In determining whether or not the job accepted is a better job, the division of employment shall consider, but shall not be limited to a consideration of, the rate of pay, the hours of work, and the probable permanency of the job quit as compared to the job accepted, the cost to the worker in getting to the job quit and to the job accepted, the distance from the worker’s place of residence to the job accepted in comparison to the distance from the worker’s residence to the job quit, and whether or not such worker acted as a reasonably prudent individual would have acted under the same or similar conditions. In addition to the above stated conditions, no job shall be considered better unless it is offered to and accepted by the worker prior to the date of his quitting and meets the following conditions .... “(ii) It does not have a definite termination date of less than one year and it lasts at least ninety calendar days from the first date of employment on the job accepted unless sooner terminated under conditions of which, in the judgment of the division, the worker had no knowledge at the time he accepted the job and over which he had no control, but a job shall not be considered better if it lasts less than ninety days due to a lack of work, the absence of said knowledge and control notwithstanding;. . . .”
It is the underlined portion of the above provision which is the subject of the constitutional challenge. In this case, lack of work at the new job is the reason that it did not materialize and on this basis, the underlined provision of law would bar Spann’s claim for unemployment compensation, even if at a new hearing he established all the other statutory requirements of a “better job.”
The declared purpose of the Colorado Employment Security Act is to benefit persons unemployed through no fault of their own. C.R.S. 1963, 82-1-2. This purpose is subverted by the underlined provision because it makes an *158 invidious distinction between (1) those who obtain a better job which terminates prior to 90 days because of lack of work with no fault of their own and (2) those who obtain a better job which terminates prior to 90 days because of some other factor other than lack of work with no fault of their own. In other words, the underlined provision denies compensation without valid reason to a narrow category of workers which includes Spann.
Such a distinction involves an unconstitutional overclassification forbidden by the Fourteenth Amendment of the United States Constitution. The United States Supreme Court in Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971), has held that:
“The Equal Protection Clause of that Amendment does . . . deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification ‘must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.’ ”
See also Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349 (1972).
In Reed, the statute challenged made an unreasonable distinction between male and female estate administrators, while in Eisenstadt, the law purported to recognize a difference between married and single persons in dispensing contraceptives. See also Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Although Stan ley dealt mainly with the due process argument, it mentioned briefly that a state denies equal protection when it does not accord an unmarried father the same rights as an unmarried mother with reference to entitlement to a hearing before children can be taken from the father in a dependency proceeding after the death of the children’s natural mother.
The statutory provision here involved is, in our view, á clear example of a violation of the equal protection *159 provision of the Fourteenth Amendment. We therefore hold that the portion of 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4)(g)(ii), under challenge here, is unconstitutional and henceforth, it shall be of no force or effect. Invalidation and severance of this portion does not. render the remaining portion inoperative.
The order of the Industrial Commission denying Spann unemployment compensation is reversed and this cause is remanded to the Industrial Commission for a new hearing.
MR. CHIEF JUSTICE PRINGLE does not participate.