John R. Tenney, J.
Petitioners seek an order directing the City Clerk of Syracuse to issue a marriage license. The clerk is not authorized to issue a license because the petitioner Frederick E. Berger is 20 years old, and his parents refuse to give their consent to the marriage as is required under subdivision 2 of section 15 of the Domestic Relations Law. Petitioner contends that subdivision 2 of section 15 is unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. He argues that the statute does not come under the recognized exception to the clause, and that there is no compelling justification for the statute.
Subdivision 2 of section 15 establishes a different age standard for marriage between males and females. A female may marry at age 18 without parental consent, while a male may not marry without such consent until he reaches age 21. The constitutionality of this statute was considered in Matter of Friedrich v. Katz (73 Misc 2d 663) and upheld. The court felt that the presumption of constitutionality was not overcome (8 N. Y. Jur., Constitutional Law, § 79, Lincoln Bldg. Assoc. v. Barr, 1 N Y 2d 413, 418). “ In the presence of a legitimate State interest in the marriage relation and the reasonably conceivable fact that the male will be the provider * * * there is a rational basis for the State to provide safeguards.” (Matter of Friedrich v. Katz, supra, p. 665.)
Justice Mangan observed that differing age requirements for marriage are “ ancient rule, time-honored, and the public policy of this State and much of the Nation ” (Matter of Friedrich v. Katz, supra, p. 664). She argued (p. 664) that “ natural order, taught both by history and reason, designates the male as provider ”. She concluded (p. 665) “ That duty * :S * is sufficient reason to require males to be older e * * before they may independently decide to marry
The right to marry is fundamental to the existence and survival of the race (Skinner v. Oklahoma, 316 U. S. 535), and is “ one of the basic civil rights ” (Loving v. Virginia, 388 U. S. 1, 12; Maynard v. Hill, 125 U. S. 190). It is a right of such vital public interest, that it is subject to State regulation, but is limited by the “ commands of the Fourteenth Amendment ” (Loving v. Virginia, supra, p. 7). *124 It is “ established doctrine ” that the liberty guaranteed by the Fourteenth Amendment carries with it not only freedom from bodily restraint, but also the right of the individual to contract, to engage in any of the common occupations of life, to marry, establish a home and bring up children and to enjoy those privileges essential to the orderly pursuit of happiness of free men (Meyer v. Nebraska, 262 U. S. 390, 399). “ This liberty may not be interfered with, under the guise of protecting the public interest, by legislative action which is arbitrary or without reasonable relation to some purpose within the competency of the State to effect ” (Meyer v. Nebraska, supra, pp. 399-400.)
In Friedrich v. Katz (73 Misc 2d 663, supra), the court found that there was a vital public end which justified the discrimination. Assuming arguendo, that this conclusion is accurate, the statute must fail because it is arbitrary in that it does not provide for equal treatment for all members of the affected class. It is the responsibility of the Legislature to respond to the political needs and requirements of its constituate. It may pass discriminatory legislation, but it must have an “ appropriate relation to the object of the legislation ” (Railway Express Agency v. New York, 336 U. S. 106, 115). There may be valid State ends served by restricting the marriages of young males, but “ a desirable end cannot be promoted by prohibited means ” (Meyer v. Nebraska, 262 U. S. 390, 401, supra; Bell v. Burson, 402 U. S. 535). The discrimination must rest upon some ground of difference related to the end of the legislation and must have some assurances “ so that all persons similarly circumstanced shall be treated alike ” (Royster Guano Co. v. Virginia, 253 U. S. 412, 415; Reed v. Reed, 404 U. S. 71, 76; Matter of Patricia A., 31 N Y 2d 83, 88).
It is here that subdivision 2 of section 15 of the Domestic Relations Law falls short. There is no guarantee of “ alike treatment ” to all those in the classification. The burden of fulfilling the State need is assigned to the parents. There are no safeguards, guidelines, limitations or assurances that the parents will perform their responsibility within the framework of the allegedly valid State objective. There is no provision for judicial review, since the authority of the parents is unrestricted, and therefore, final.
Thus, the parents may use their authority to act on behalf of the State interest. Or, they may do whatever they please. What can result is exactly what has occurred in this case. A mature, emancipated man is denied a fundamental right on what *125 appear to be arbitrary grounds wholly unrelated to the alleged State purpose. As a result, within the statutory authority of subdivision 2 of section 15 of the Domestic Relations Law, at least one member of the affected class has been denied “ alike treatment ” which the statute must guarantee (Yick Wo v. Hopkins, 118 U. S. 356, 359).
It may well be a denial of procedural due process (Bell v. Burson, 402 U. S. 535, supra; Goldberg v. Kelly, 397 U. S. 254; Sherbert v. Verner, 374 U. S. 398; Sniadach v. Family Finance Corp., 395 U. S. 337; Slochower v. Board of Educ., 350 U. S. 551; Speiser v. Randall, 357 U. S. 513). However, it is not necessary to reach that issue since subdivision 2 of section 15 of the Domestic Relations Law clearly violates the Equal Protection Clause by discriminating in a manner that is arbitrary in its effect (Reed v. Reed, 404 U. S. 71, supra).
If the State finds it a compelling purpose to assure that before males under 21 marry they are financially responsible or emotionally mature, the decision of consent should only be based upon those reasons. This is not to argue that the State may not establish a minimum age for marriage. It is simply that if the State chooses to discriminate as to age based upon sex, it must meet the test raised by the Equal Protection Clause.
For the State to find a need to discriminate and then delegate the responsibility of implementing its decision irrespective of the need, is an improper procedure. It is no less arbitrary than if the State itself attempted to enforce the legislation without regard to its claimed purpose.
States have been prohibited from discriminating between married and unmarried persons unless the guidelines are clearly discernible (Eisenstadt v. Baird, 405 U. S. 438). The Supreme Court has consistently struck down statutes which established arbitrary rules for restricting basic rights (Carrington v. Rash, 380 U. S. 89, 96; Bell v. Bur son, 402 U. S. 535, supra; Reed v. Reed, 404 U. S. 71, supra). In other cases, the court suggested its view if “ palpably arbitrary ” (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 527) or when inequality of treatment resulted (Wheeling Steel Corp. v. Glander, 337 U. S. 562).
Subdivision 2 of section 15 of the Domestic Relations Law must be considered unconstitutional for the reasons stated herein. Therefore, the defendant, Clerk of the City of Syracuse, is directed to issue a marriage license to the plaintiffs-applicants without requiring parental approval.