Harry B. Frank, J.
Petitioner Jacqueline Garrett, also known as Jackie Tonawanda, in this CPLR article 78 proceeding seeks a judgment requiring the respondents New York State Athletic Commission (Commission) and Edwin Dooley, commissioner, to issue a boxing license to the petitioner. Although prior to the institution of this proceeding, respondents had held petitioner’s application in abeyance, thereafter, by correspondence of January 20, 1975 respondents formally denied petitioner’s application. In notifying the petitioner that her application for a boxing license had been denied, respondents wrote the petitioner as follows:
"Your application for a license to box in New York State was considered by the Commission at a meeting on January 16, 1975.
*525 "The matter of licensing women boxers is regulated by Rule 205.15 of Part 205, the Commission Its Powers and Procedures, (19 NYCRR 205.15) of the rules promulgated by the Commission which reads as follows:
" '205.15 Disqualification of women. No women may be licensed as a boxer or second or licensed to compete in any wrestling exhibition with men.’
"Please be advised that the Commission after considering your application and reviewing its rules and regulations unanimously denied your application for a license to box in this State.”
Respondents now cross-move to dismiss the petition herein upon the grounds that it fails to state a cause of action (CPLR 3211, subd [a], par 7; 7804, subd [f]). Although the court is not called upon to rule upon the ultimate merit of petitioner’s application, a determination must be reached as to whether it states a cognizable cause of action. In support of their cross motion respondents note that the State Legislature has vested the Commission with broad authority to regulate professional boxing and wrestling in this State (L 1920, ch 912, §6 et seq., as amd). In accordance with that authority it is mandated (L 1920, ch 912, § 12 as amd by L 1952, ch 666, § 11) that no boxing or wrestling license may be issued except if the Commission determines that the "experience, character and general fitness of an applicant * * * are such that participation of such applicant will be consistent with the public interest, convenience or necessity and with the best interests of boxing or wrestling generally and in conformity with the purposes of this act”.
Commissioner Dooley in an affidavit included in respondents’ submission observes: "The image that boxing presents to the public is all important to its acceptability as a professional sport. It is 'the manly art of self-defense’. The licensing of women as professional boxers would at once destroy the image that attracts serious boxing fans and bring professional boxing into disrepute among them, to the financial detriment of those whose livelihoods depend upon this activity.
"Neither is the Commission satisfied that women boxers would not be unduly endangering their reproductive organs and breasts; despite the use of whatever protective devices may be available. The avoidance of serious physical injury is a major responsibility of the Commission.
*526 "Finally, the Commission is not satisfied that there are a sufficient number of qualified women ávailable as professional competition for petitioner.”
Petitioner’s attorney states "that it is not the intention of the petitioner to box with men but that she should be permitted to box with other women”.
As authority in support of their cross motion to dismiss the petition, respondents rely, inter alia, upon Matter of Calzadilla v Dooley (29 AD2d 152), in which the Appellate Division, Fourth Department, reversed a decision at Special Term which denied a motion to dismiss an application to annul the Commission’s refusal to issue a professional wrestling license to a woman. In so holding, the court concluded that the Commission had not exceeded its authority in denying wrestling licenses to women, especially in view of the broad discretion vested in the Commission by the Legislature to regulate the sport of wrestling. Considering whether the Commission’s determination was violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York State Constitution, Mr. Justice Goldman, writing for the court, stated:
"The Fourteenth Amendment does not require that all persons be treated exactly alike. It recognizes that a State may classify its citizens but mandates that the classification should not be arbitrary and that all persons within a class be treated equally * * *
"Notwithstanding any personal opinion or attitude we may hold in this respect, there is legal justification and support, under the legislation which created the Commission, for the determination made by it.” (Matter of Calzadilla v Dooley, supra, pp 156-157.) Parenthetically, the Commission thereafter altered its position regarding the licensing of women as professional wrestlers (19 NYCRR 205.15).
The respondents’ claims that the licensing of women as professional boxers would be detrimental to the sport and would create inordinate risk of physical injury among women participants, are highly questionable and require a denial of the respondents’ cross motion. While there are many who would deplore the spectacle of women engaging in professional boxing, there are certainly many who deplore that very same activity by men. This court will not hold that women should be precluded from professionally exploiting whatever skills or *527 aptitude they may have in the sport of boxing merely because they are women (cf. Reed v Reed, 404 US 71; Frontiero v Richardson, 411 US 677; Cleveland Bd. of Educ. v La Fleur, 414 US 632, affg 465 F2d 1184, revg 326 F Supp 1208), particularly in view of the long overdue recognition of the capacity of women to undertake the most diverse activities and occupations. Respondents apparently seek to continue the attitudes espoused a century ago in Bradwell v State (83 US 130, 141), wherein the court opined: "Man is, or should be, woman’s protector and defender. The natural and proper timidity and delicacy which belongs to the female sex evidently unfits it for many of the occupations of civil life. The constitution of the family organization, which is founded in the divine ordinance, as well as in the nature of things, indicates the domestic sphere as that which properly belongs to the domain and functions of womanhood. The harmony, not to say identity, of interests and views which belong, or should belong, to the family institution is repugnant to the idea of a woman adopting a distinct and independent career from that of her husband.” Patronizing male chauvinism of this type not only has no place in our legal system, but should not be countenanced at any level in our society and has hopefully been relegated to the historical oblivion which it deserves.
Accordingly, the court finds that the petition states a cognizable cause of action, and respondents’ cross motion is denied. The petitioner is directed to serve an amended petition reflecting the respondents’ denial of her application for a boxing license. Thereafter, the respondents are directed to submit an answer thereto.