

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 6, 1975

The Honorable A. R. Schwartz
Chairman
Senate Committee on Jurisprudence
State Capitol
Austin, Texas 78711

Opinion No. H- 601

Re: Whether the Department
of Public Safety may elicit
information as to a person's
race and sex on the Driver's
Confidential Accident Report.

Dear Senator Schwartz:

You have requested our opinion regarding the authority of the Department of Public Safety to elicit information as to a person's race and sex on the Driver's Confidential Accident Report.

The Driver's Confidential Accident Report is a form which must be completed by every person involved in a traffic accident and forwarded to the Department of Public Safety. On the form are spaces requesting the individual to note his sex and race. You state that the Department of Public Safety does not follow up the omission of this particular information on a submitted report. Furthermore, the report is not available for inspection or copying by the public. V. T. C. S. , art. 6701d, § 47.

According to Colonel Speir, Director of the Texas Department of Public Safety, the purpose of the data obtained on the Report is "to provide sufficient information so that all reports of a particular accident may be matched into one case file and to provide basic statistical data. " He states that items such as race and sex, when "correlated with other factors such as geographical location, type of accident and contributing factors, aid the traffic safety program in providing a means of tailoring the program to specific groups where applicable. "

We have discovered no statute which would preclude the Department of Public Safety from requesting this information, and we presume therefore that the only relevant inquiry is whether its inclusion on the Driver's Confidential Accident Report may be deemed state action which violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

p. 2668

However, the eliciting of this information does not result in action against any group or individual. Whatever action taken is positive and remedial. No burden is imposed on any racial or sexual class. See Wright v. City of Brighton, Alabama, 441 F. 2d 447, 450 (5th Cir., 1971), cert denied, 404 U.S. 915 (1971). The state is not denied the right to treat different classes of persons in different ways, but merely denied the authority to base its classification on criteria wholly unrelated to the objective of the state action. Reed v. Reed, 404 U.S. 71, 75-76 (1971). It is therefore our opinion that the Department of Public Safety is not prohibited from eliciting information as to a person's race and sex on the Driver's Confidential Accident Report. And see Attorney General Opinion H-118 (1973).

### SUMMARY

The Department of Public Safety is not prohibited from eliciting information as to a person's race and sex on the Driver's Confidential Accident Report.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg