John W. Sweeny, J.
This is a CPLR article 78 proceeding,, submitted upon an agreed statement of facts, which questions the constitutionality of 18 NYCRR 360.21 (e) and therefore the statute upon which it is based, subdivision 2 of section 365 of the Social Services Law (L 1973, ch 516, § 5).
Petitioner is the father and guardian ad litem of a 24-year-old child who, although he has never been judicially declared incompetent, is presently receiving in-patient care at a private psychiatric hospital. On November 12, 1974 the local agency denied petitioner’s application for financial assistance for medical treatment being rendered to his child at the private psychiatric institution. After a subsequent fair hearing, the respondent Lavine, relying on the provisions of 18 NYCRR 360.21 (e), confirmed the local agency’s determination.
18 NYCRR 360.21 (e) provides that:
“Medical assistance shall be provided to eligible individuals under 21 years of age, or age 65 and over, who are receiving in-patient psychiatric services in an institution operated primarily for the care of the mentally disabled when:
“(1) such services conform to Federal and State standards; and
"(2) when a team, consisting of physicians and other qualified personnel, has determined that such services are necessary on an in-patient basis and can reasonably be expected to improve the condition requiring such services to the extent that eventually they will no longer be necessary.
“In the case of an individual who, during the course of hospitalization, attains the age of 21, such services may continue until he reaches the age of 22.”
Subdivision 2 of section 365 of the Social Services Law provides that: "the department shall be responsible for furnishing medical assistance to eligible individuals * * * who are under twenty-one years of age and who are receiving psychiatric services in such state hospitals for the mentally disabled which services conform to the state plan implementive of this title and which a team consisting of physicians and other qualified personnel has determined are necessary on an in-patient basis and can reasonably be expected to improve the condition requiring such services to the extent that eventually such services will no longer be necessary; in the case of *1036 a person who, during the course of hospitalization attains the age of twenty-one, such services may continue until he reaches the age of twenty-two.”
Petitioner alleges that the regulation denies his adult child equal protection of the law in that it is discriminatory in its classifications based on age and the type of illness involved.
Respondents, in defense of this proceeding, allege (1) that both Federal and State law only permit psychiatric care in private institutions for persons under 21 or over 65 years of age, and (2) that since the New York State enactment is in conformity with Federal law and regulations, the issue raised is a Federal question.
Respondent’s defense, in essence, is a claim that since sections 1396, 1396a and 1396d of title 42 of the United States Code provide for Federal reimbursement only for in-patient psychiatric care rendered to persons up to 21 years of age and those over 65 years of age and since the Secretary of Health, Education and Welfare has approved subdivision 2 of section 365 of this State’s Social Services Law, this latter enactment and its implementing regulation cannot be deemed unconstitutional.
Any argument to the effect that a State statute or regulation automatically passes constitutional muster merely because it parallels Federal legislation is without merit. The United States Supreme Court has clearly indicated that Congress may not, in enacting Federal legislation, authorize States to violate the equal protection clause (Shapiro v Thompson, 394 US 618, 641). Therefore, even if it is assumed, arguendo, that section 1396d of title 42 of the United States Code approved an alleged infringement of constitutional rights, it is the responsive State legislation and not necessarily the Federal enactment which can be and must be scrutinized. It should be noted that the Federal legislation in question apparently is no more than a guideline for determining Federal reimbursement payments to States. It does not actually dictate anything other than minimum standards for States to be eligible to receive Federal funds.
Reducing respondents’ argument to its basic premise, it is apparent that they are saying that a county need not allocate funds for which it will not be reimbursed. The Court of Appeals has very recently held in Jones v Berman (37 NY2d 42, 54) that the counties of this State "may not shirk their responsibility to provide assistance to destitute persons merely *1037 because the higher levels of government refuse to share the cost” (NY Const, art XVII, § 1; Social Services Law §§ 62, 131, subd 1). Respondents’ argument is therefore without merit.
This court believes that there is an invidious discrimination written into subdivision 2 of section 365 of the Social Services Law and its implementing regulation, 18 NYCRR 360.21 (e), because of their classifications based on age and type of illness.
The plain fact is that in the scheme of the medical assistance program a physically disabled person who has been receiving medical assistance payments as an inpatient will apparently continue to be eligible for medical assistance regardless of his age, while a mentally disabled person’s assistance, if he is in need of in-patient care, will automatically be terminated at age 21 or, in some circumstances, age 22.
The respondents have offered no rational explanation for denying medical assistance to mentally disabled persons between the ages of 21 and 64, who, as petitioner’s son, have been recognized as individuals who can reasonably be expected to improve to the extent that eventually such services will no longer be necessary. The substance of respondents’ rationale offered in defense of this proceeding is a reliance upon the argument found wanting by the Court of Appeals in Jones v Berman (37 NY2d 42, supra).
Unlike the defendants in Murgia v Commonwealth of Massachusetts Bd. of Retirement (376 F Supp 753, discrimination based on age held unconstitutional), the respondents herein have not even attempted to take the position that the classification by age bears any relation to the object of the legislation.
A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike” (Royster Guano Co. v Virginia 253 US 412, 415, as quoted in Reed v Reed 404 US 71, 76).
The explicit purpose of title 11 of article 5 of the Social Services Law was to make "available to everyone, regardless of race, age, [etc.] * * * uniform high standard of medical assistance throughout the state” (Social Services Law, § 363; emphasis added).
Therefore the age classification provisions of subdivision 2 of *1038 section 365 of the Social Services Law and 18 NYCRR 360.21 (e) are clearly inimical to the very object of the enactment. They are inherently unreasonable and arbitrary and must be declared unconstitutional as violative of the petitioner’s son’s right to equal protection of the law.
This court also believes that the distinction drawn between the physically disabled and the mentally disabled between the ages of 21 and 65 is an additional discriminatory classification for which no rational basis has been offered by the respondents. The court does note, however, that it can readily perceive the rationality of the condition set forth in 18 NYCRR 360.21 (e)(2).
The courts have to recognize and accede to the respondents’ legitimate attempts to limit expenditures and preserve the fiscal integrity of their programs. However, this cannot be accomplished by invidious distinctions between different classes of people (Shapiro v Thompson 394 US 618, 633, supra).
This court recognizes the rather insidious dilemma into which State and local governments have been placed. Caught between the need of complying with Federal reimbursement guidelines and the spectre of having these guidelines expanded by judicial declarations based on denial of equal protection, State and local governments are left on the proverbial horns of a dilemma of catastrophic fiscal import.
However, this court is constrained to hold that respondents’ denial of in-hospital psychiatric assistance is not just an incidental result of an "imperfect,” but acceptable, classification (cf. Dandridge v Williams, 397 US 471, 485), but is rather the result of an unreasonable classification without basis and which is therefore unconstitutional.
Accordingly, this matter is hereby remitted to respondents for further consideration with respect to the issue set forth in 18 NYCRR 360.21 (e)(2) without consideration of any restriction based on petitioner’s son’s age.