**MILWAUKEE MONTESSORI SCHOOL,** Wisconsin Montessori Society, Inc., a Wisconsin Corporation, Richard and Barbara Fleck, Marilyn Zuzga, Plaintiffs,

v.

Donald **PERCY,** Secretary of the Wisconsin Department of Health and Social Services, Frank Nugent, Administrator, Division of Family Services of the Wisconsin Department of Health and Social Services, Charles Holton, Director of the Milwaukee Region for the Division of Family Services of the Wisconsin Department of Health and Social Services, Gary Kirst, Chief of the Volunteer Agencies, Milwaukee Region, Division of Family Services of the Wisconsin Department of Health and Social Services, Defendants.

Civ. A. No. 76–C–463.

United States District Court, E. D. Wisconsin.

Aug. 15, 1979.

Daniel J. Steininger, Milwaukee, Wis., for plaintiffs.

Bronson C. La Follette, Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., Madison, Wis., for defendants.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the enforcement of § 48.65, Wis.Stats., and various administrative rules

and regulations thereunder. The plaintiffs are the Wisconsin Montessori Society, Inc., a non-stock Wisconsin corporation, the Milwaukee Montessori School, a private school in Milwaukee operated by the Wisconsin Montessori Society, Inc., two parents of children at the school, and a teacher at the school. The defendants are various state officials charged with enforcement of § 48.-65, Wis.Stats. The action is presently before the court on plaintiffs' motion for summary judgment, which will be granted.

Section 48.65, Wis.Stats., provides:

"(1) No person shall for compensation provide care and supervision for 4 or more children under the age of 7 for less than 24 hours a day unless he obtains a license to operate a day care center from the department.

"(2) This section does not include:

"(a) A relative or guardian of a child who provides care and supervision for the child; or

"(b) A public or parochial school, or the Young Men's Christian Association; or

"(c) A person employed to come to the home of the child's parent or guardian for less than 24 hours a day."

Rules enacted by the Department of Health and Social Services pursuant to the statute are set forth in exhibit one to the complaint and include, inter alia, rules governing staff: child ratio, indoor and outdoor space requirements, food handling and dishwashing, and educational qualifications for teachers. Plaintiffs contend that all of said rules are incompatible with the Montessori philosophy and that their enforcement against the plaintiff the Milwaukee Montessori School has required substantial and expensive modification of the plaintiff school to ensure compliance. (Affidavit of Ellen Schmidt filed November 24, 1978.)

Plaintiffs challenge the statute and the regulations thereunder on equal protection grounds under the Fourteenth Amendment to the United States Constitution. They assert that there is no rational basis for distinguishing between public and parochial schools and other non-public schools.* The Court agrees.

Paragraph 5 of the stipulation of uncontested facts filed November 8, 1978, states that § 48.65, Wis.Stats., is enforced against only those private schools which are nonsectarian. In *Reed v. Reed*, 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–254, 30 L.Ed.2d 225 (1971), the Court stated:

"In applying that clause [the equal protection clause], this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. [Citations omitted.] The Equal Protection Clause of that amendment, does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' * * * "

The objective of § 48.65 is the protection of the health and welfare of children cared for in a day care setting. There is no apparent reason, however, for distinguishing private nonsectarian from private sectarian schools in terms of the care given by them to children.

The defendants argue that the statute creates a legitimate legislative classification because it distinguishes schools which are operated for profit and therefore are businesses from public and non-profit private schools. On its face that argument is without merit. The statute makes no reference to profit as opposed to non-profit institu-

---

* Plaintiffs also argue that the statute interferes with their rights under the First Amendment to the United States Constitution and therefore that defendants must demonstrate a compelling state interest in the classification created be-

fore it will be held constitutional. Since the Court finds subsection (2)(b) of the statute unconstitutional as applied under the lesser "rational basis" standard, it does not reach this argument.

tions. Furthermore, the Wisconsin Montessori Society, Inc. is a non-profit corporation within the meaning of Chapter 181, Wis. Stats., and has a tax-exempt status under § 501(c)(3) of the Internal Revenue Code. (Steininger affidavit filed March 16, 1979.) Although it is a non-profit private school, however, it is denied the benefits which § 48.65, Wis.Stats., provides to private parochial schools.

Based on the foregoing, there is no rational basis for the distinction created by § 48.65, Wis.Stats., between private parochial schools and other private schools, and therefore the enforcement of that statute against the plaintiff the Milwaukee Montessori School is in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

IT IS THEREFORE ORDERED that the plaintiffs' motion for summary judgment is granted to the extent that the Court finds that the enforcement of § 48.65, Wis.Stats., against the plaintiff the Milwaukee Montessori School is unconstitutional.

IT IS FURTHER ORDERED that the defendants, their agents, and their successors in office are permanently enjoined from enforcing the provisions of § 48.65, Wis.Stats., and the administrative rules and regulations thereunder, against the plaintiff the Milwaukee Montessori School.