*In re* JUREK ESTATE

Docket No. 99748. Submitted April 6, 1988, at Detroit. Decided August 17, 1988.

Zofia Jurek died intestate, leaving no surviving spouse, issue, parents, siblings, children of deceased siblings, grandparents or issue of grandparents. Decedent was survived by Stanislaw, Jan and Henryk Kardaszewski, second cousins descended from decedent's great-grandparents, who petitioned the Wayne County Probate Court for a determination of heirs. The State of Michigan filed objections to the petition on the ground that petitioners were not within the classes of individuals entitled under the Revised Probate Code to share in an intestate estate. Petitioners argued that the statute was unconstitutional on equal protection grounds in that the statute permitted descendents of a decedent's grandparents the possibility to share in a decedent's estate while denying such an opportunity to the great-grandparents and descendents of great-grandparents even though such persons might be of the same or closer degree of kinship to the decedent. The court, Joseph J. Pernick, J., held the statute to be constitutional and dismissed petitioners' petition to determine heirs. Petitioners appealed.

The Court of Appeals *held:*

The classification scheme adopted by the Legislature is a reasonable one and bears a reasonable relationship to the legitimate legislative goal of limiting the problems associated with allowing inheritance by remotely related relatives of a deceased. While the Legislature might have adopted a classification scheme based on degrees of kinship, as urged by the petitioners, petitioners failed to show the statutory scheme is constitutionally unreasonable and thus infirm on equal protection grounds.

Affirmed.

REFERENCES

Am Jur 2d, Descent and Distribution §§ 48 *et seq.*

Descent and distribution: rights of inheritance as between kindred of whole and half blood. 47 ALR4th 561.

Descent and distribution to and among cousins. 54 ALR2d 1009.

DESCENT AND DISTRIBUTION — INTESTATE DISTRIBUTION — EQUAL
   PROTECTION — REVISED PROBATE CODE.
   The provision in the Revised Probate Code providing the manner
      of disposition of the estate of an intestate decedent is not
      violative of the constitutional right to equal protection of the
      law even though it provides for the possible distribution of the
      estate to the issue of the decedent's grandparents but makes no
      provision for distribution of the estate under any circumstances
      to great-grandparents and the issue of great-grandparents even
      though such persons may be of the same or a closer degree of
      kinship than the issue of the grandparents, since the classifica-
      tion scheme adopted by the Legislature is a reasonable one and
      bears a reasonable relationship to a legitimate legislative goal
      (MCL 700.106; MSA 27.5106).

*Sobieraj & Michael* (by *Rosanne S. Hostnik*), for
petitioners.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Mary Louise Prid-
more,* Assistant Attorney General, for respondent.

Before: GILLIS, P.J., and WAHLS and DOCTOROFF,
JJ.

PER CURIAM. Petitioners appeal as of right from
the probate court order dismissing their petition to
determine heirs and rejecting their claim that the
provisions of MCL 700.106; MSA 27.5106 violate
this state's equal protection clause, Const 1963, art
1, § 2. We affirm.

Decedent died intestate, leaving no surviving
spouse, issue, parents, brothers, sisters, children of
deceased brothers or sisters, or grandparents or
issue of grandparents. Petitioners are decedent's
second cousins, being descended from decedent's
great-grandparents, and, therefore, were related to
the decedent in the sixth degree of kinship.

MCL 700.106; MSA 27.5106 provides:

   The part of the intestate estate not passing to
   the surviving spouse under section 105 or the

entire intestate estate if there is not a surviving spouse, shall pass as follows:

(a) To the issue of the decedent. If they are all in the same degree of kinship to the decedent they shall take equally, but if of unequal degree, then those of more remote degrees take by representation.

(b) If there is no surviving issue, to his or her surviving parents equally.

(c) If there is no surviving issue or parent, to the brothers and sisters and children of deceased brothers and sisters of the decedent. If they are all in the same degree of kinship to the decedent they shall take equally, but if of unequal degree, then those of more remote degree take by representation.

(d) If there is no surviving issue, parent, brothers or sisters, or children of deceased brothers and sisters of a decedent, but the decedent is survived by 1 or more grandparents or issue of grandparents, ½ of the estate shall pass to the surviving paternal grandparents, or to the issue of the paternal grandparents if both are deceased, the issue to take equally if they are all of the same degree of kinship to the decedent, but if of unequal degree then those of more remote degree shall be excluded; and the other ½ shall pass to the maternal relatives in the same manner; but if there is no surviving grandparents or issue of grandparents on the paternal or maternal side, the entire estate shall pass to the relatives on the other side in the same manner as the ½.

(e) If an eligible survivor is not then known or determinable to take under subdivisions (a) to (d), then to the state by escheat.

Under this statute, petitioners are not eligible to receive any part of decedent's intestate estate because they are related to decedent through her great-grandparents rather than through her grandparents. Therefore, decedent's estate escheats to the state. Under the predecessor to MCL

700.106; MSA 27.5106, a decedent's estate escheated to the state only where no surviving relatives could be found; therefore, petitioners, decedent's closest known relatives, would have inherited decedent's estate.

MCL 700.106; MSA 27.5106 is modelled after § 2-103 of the Uniform Probate Code. The comment to the code indicates that, in line with modern policy, this section eliminates more remote relatives from inheriting.

Petitioners contend that the distribution scheme embodied in MCL 700.106; MSA 27.5106 violates this state's equal protection clause because relatives descending from great-grandparents and beyond are not allowed to inherit even though they may be the same or closer in degree of kinship than relatives descending from decedent's grandparents. The probate court applied the traditional rational-basis test and rejected petitioners' claim, finding that the statute prevents "laughing heirs" from sharing in decedent's estate and that, if decedent desired a different distribution of her property, she could have prepared a will.

Petitioners first claim that the probate court erred by applying the traditional rational basis test rather than what petitioners refer to as the "means scrutiny" test derived from *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), and *Alexander v Detroit,* 392 Mich 30; 219 NW2d 41 (1974). Petitioners concede that the strict scrutiny test does not apply.

In *Alexander, supra,* pp 35-36, our Supreme Court held that the question of whether a legislative enactment violates equal protection is determined by applying the following tests:

(1) Are the enactment's classifications based on natural distinguishing characteristics and do they

bear a reasonable relationship to the object of the legislation?

(2) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of a like kind? [Citations omitted.]

In *Manistee Bank & Trust Co, supra,* p 668, our Supreme Court noted that the United States Supreme Court had developed a two-tiered approach to equal protection cases. If the interest is fundamental (e.g., right to vote) or the classification is suspect (e.g., race), the United States Supreme Court applied a strict scrutiny test requiring the state to show a compelling interest which justifies the classification. If, on the other hand, the legislation is principally social or economic, the traditional equal protection test is applied. In that case, the party challenging the statute bears the burden of proving that it is without reasonable justification. In fact, it has been held that a statutory classification will not be set aside if any state of facts may be conceived to justify it and the classification will stand unless it is essentially arbitrary. This test is referred to as the rational relationship test.

After discussing the two-tiered approach applied by the United States Supreme Court in reviewing an equal protection claim, our Supreme Court noted that a commentator believed that a third test was emerging as evidenced by the decision in *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971). *Manistee Bank & Trust Co, supra,* pp 668-669.

In *Reed,* the United States Supreme Court struck down an Idaho statute which preferred male administrators to female administrators if they were otherwise equally qualified. The *Reed*

Court, quoting *Royster Guano Co v Virginia,* 253 US 412, 415; 40 S Ct 560; 64 L Ed 989 (1920), held:

> · A classification "must be reasonable, not arbitrary and must rest on some ground of difference having a fair and substantial relationship to that object of the legislation, so that all persons similarly circumstanced shall be treated alike." [404 US 76.]

We note that in *Craig v Boren,* 429 US 190; 97 S Ct 451; 50 L Ed 2d 397 (1976), reh den 429 US 1124; 97 S Ct 1161; 51 L Ed 2d 574 (1976), the United States Supreme Court adopted an intermediate level of review when reviewing gender classifications (i.e., the gender classification must be substantially related to an important government interest).

Without the benefit of *Craig,* our Supreme Court in *Manistee Bank & Trust Co,* noted that the fair-and-substantial-relation-to-the-object-of-the-legislation test or, as it was dubbed by one commentator, the means scrutiny test, had been used in *Alexander, supra.* The Court then held:

> Where a classification scheme creates a discrete exception to a general rule and has been enforced for a sufficiently long period of time that all the rationales likely to be advanced in its support have been developed, a court should fully examine those rationales and determine whether they are sound. [*Manistee Bank & Trust Co, supra,* p 672.]

We note that *Manistee Bank & Trust Co, supra,* involved a forty-five-year-old guest-passenger statute and that similar statutes in other states had been criticized, amended, repealed, whittled away and struck down.

We agree with the probate court that the tradi-

tional rational relationship test rather than the means-scrutiny test should apply because we do not believe that MCL 700.106; MSA 27.5106, which was effective on July 1, 1979, is similar to the forty-five-year-old statute in *Manistee Bank & Trust Co,* which had been extensively criticized, allowing all rationales in its support to have been developed.

Under the traditional equal protection test, the classification must be a reasonable one and must bear a reasonable relationship to a legitimate goal of the Legislature. *Id.* at 671. Moreover, the petitioner must show that the classifications created are so arbitrary that they cannot be supported under any state of facts, either known or which could reasonably be assumed. *Automatic Music & Vending Corp v Liquor Control Comm,* 426 Mich 452; 396 NW2d 204 (1986), dismissed — US —; 107 S Ct 1880; 95 L Ed 2d 488 (1987).

Petitioners do not question the state's ability to enact statutes governing descent and distribution. *Labine v Vincent,* 401 US 532; 91 S Ct 1017; 28 L Ed 2d 288 (1971), reh den 402 US 990; 91 S Ct 1672; 29 L Ed 2d 156 (1971); *Moorman v Moorman,* 340 Mich 636; 66 NW2d 248 (1954). While petitioners would rather have the Legislature distribute a decedent's intestate estate by degree of kinship rather than relationship to decedent, we will not sit as a super-Legislature and determine that distributing by degree of kinship might be fairer. *Id.* Unlike petitioners, we view MCL 700.106; MSA 27.5106 as creating many classes based on the heir's relationship to the decedent. The Legislature attempted to distribute a decedent's property in a manner in which the decedent would have naturally distributed it if he or she had had a will; however, the Legislature preferred the state to

those claiming through great-grandparents and beyond. Respondent advances the following reasons for limiting heirs to those related through grandparents: (1) it is restricted to relatives whom decedent probably knew and had an interest in; (2) it solves problems occasioned by unlimited inheritance, such as the expense and difficulty in locating more remote relatives, the threat of frivolous litigation in will contests by so-called "laughing heirs," and administrative problems which may be caused by dividing an estate into many small portions; and (3) the enumerated relatives and, then, the state are more likely to care for decedent than are the decedent's more remote relatives. We note, as did respondent and the probate court, that decedent always had the opportunity to prepare a will to effect a different disposition of her property. Contrary to petitioners' argument, we hold that classification by relationship to the decedent is related to the objectives of the statute as is the classification preferring the state to great-grandparents and relatives claiming through great-grandparents.

Affirmed.