## Commonwealth v. Cassell

266

[redacted]

*H. Stanley Rebert, district attorney,* for the Commonwealth.

*Thompson J. McCullough, county solicitor,* for the Prison Board.

*Barbara Lee Krier,* for defendant.

UHLER, *J.,* September 25, 1991—Before the court is an "objection to imposition of short term fee" filed by the defendant, Debra L. Cassell, who, on Monday, July 8, 1991, plead guilty before the Court of Common Pleas of York County to the criminal charge of Driving Under the Influence, a first offense. At the time of the entry of the guilty plea, the defendant requested deferment of the mandatory minimum 48-hour prison sentence until Friday, July 12, 1991. While direct testimony was not offered by the defendant at the within hearing, her counsel advised that the deferment request was sought by the defendant for matters of her personal convenience, as well as permitting her to enter the county prison unescorted under her own volition and without handcuffs.

The Honorable James E. Buckingham, at the time of plea and sentencing of the defendant, advised that the short term fee of $35 per day would be imposed,

in addition to the fines and costs as resolved by the York County Prison Board.

Counsel filed an objection to the imposition of the short term fee on July 30, 1991. Argument was heard before the court on September 3, 1991.

It is urged by defendant, through her counsel, that the imposition of the short term fee upon a defendant who does not participate in a work release/outmate program is not proper under the statute which the Prison Board relied upon to create the fee and that the imposition of the short term fee only upon a specific class of inmates constitutes a denial of equal protection under law as guaranteed by the Pennsylvania Constitution and the U.S. Constitution.

The court, as a result of the objections raised, is called upon to examine whether legislative authority exists for the imposition of the short term fee upon the within defendant and whether the short term fee results in a denial of equal protection for inmates serving 48-hour jail sentences.

On December 11, 1990, the Prison Board of York County adopted the following resolution:

"Motion that the York County Prison Board of inspectors establish an administrative fee for prisoners who are sentenced to minimum periods of incarceration of not more than 48 hours or who are sentenced to longer minimum periods of incarceration to be served in increments of not more than 48 hours. The fee will apply to each calendar day or any portion of a calendar day an inmate is incarcerated regardless of the day of the week on which the sentence is served. This action is made pursuant to Act no. 1990-75, and is effective January 1, 1991.

"The administrative fee will be titled 'short term fee' and will represent the current average daily imprisonment cost to the county per prisoner. Effective January 1, 1991, the short term fee will be

$35 per day. The warden shall report to the Board of Prison Inspectors when such current average daily imprisonment cost varies more than $5 from the fixed sum and the board shall determine whether to adjust the sum charged for such short-term confinement.

"This court, as a designated representative of the warden, will collect such fees according to the regular costs and fines process. Such fees will be deposited into the general fund account."

The above resolution was adopted by the Prison Board, under the ostensible authority of Act. no. 1990-75, which provides:

## COUNTY JAILS—CONFINEMENT COSTS

"An act amending the act of August 13, 1963, (P.L. 774, No. 390) entitled "An act authorizing courts to permit certain prisoners to leave jail during reasonable and necessary hours for occupational, scholastic, or medical purposes; conferring powers and imposing duties upon the courts, county commissioners and sheriffs and other persons in charge of a jail or workhouse," deleting gender specific language; and authorizing the collection of confinement costs in cases relating to prisoners confined only during the weekends or short periods of time.

"The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

"Section 1 of the Act of August 13, 1963, (P.L. 774, No. 390) referred to as the County Jail Prisoner Temporary Release Law, amended December 10, 1974, (P.L. 824, No. 273) is amended to read:

"*Section 1*. Whenever any person has been sentenced to undergo imprisonment in a county jail or workhouse, hereinafter referred to as jail, for a term of less than five years, the court, at the time of

sentence or at any time thereafter, upon application made therefor, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes as the court shall consider necessary and appropriate. The order of court may be rescinded or modified at any time with or without notice to the prisoner.

"*Section 2.* The act is amended by adding a section to read:

"*Section 6.* The county prison board or where applicable the county commissioners, may, by resolution which shall establish rates and qualifications, authorize the warden, sheriff or other person in charge of the jail to collect a reasonable amount from prisoners incarcerated only on weekends or other short periods each week."

The first issue to be addressed is whether legislative authority exists for the imposition of the short term fee upon defendant, Debra Cassell. This court concludes that the short term fee, as authorized by Act. no. 1990-75 found at 61 Pa.C.S. 2146, was properly applied to the deferred weekend sentence imposed on defendant.

Generally, a court must construe the words of a statute according to their plain meaning. *Commonwealth v. Stanley,* 498 Pa. 328, 446 A.2d 583 (1982); See also, 1 Pa.C.S. §1903(a)(b). As such, this court finds that the short term fee, as created by the Legislature, was intended to apply to prisoners who serve their sentences on "weekends" at their own

convenience as well as prisoners who serve their sentences during ''other short periods each week.''

In support, this court notes that generally when a statute is unclear in its application, courts must consider the legislative purpose behind that statute. *Holsurler v. Nationwide Ins. Co.*, 299 Pa. Super. 463, 445 A.2d 1222 (1982); See also 1 Pa.C.S. 1921(c), which provides that when words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering such things as the occasion and necessity of the statute and the objective to be obtained.

In this court's analysis of the instant statute, it first notes that the general assembly determined that the amended section be placed within the subheading of those sections governing the outmate programs. While counsel for the defendant argues the placement of the short term fee amendment under the outmate heading to be incongruous, this court does not necessarily share that finding. The Statutory Construction Act found at 1 Pa.C.S. §1900, et seq., provides that in interpreting a piece of legislation, ''The headings prefixed to titles, parts, articles, chapters, section and other division of a statute shall not be considered to control, but may be used to aid in the construction thereof.''

It is acknowledged by the court that the defendant's sentence for the short term offense DUI does not permit the traditional outmate setting, wherein a defendant would be incarcerated in the county prison and permitted to leave in order to pursue his or her work or other personal pursuits on a daily basis. In fact, the defendant is not entitled to pursue the traditional outmate program, having been found guilty as a first time offender, as the local interpretation of the mandatory sentencing provision calling

for a minimum of 48 "consecutive hours" disallows outmate privileges. [See 75 Pa.C.S. §3731(e)(1)(i).]

Thus, defendant argues that Act. no. 1990-75 does not apply to "weekend" prisoners since the act, itself, is grouped under the heading, "Absence from Jail for Occupational and Other Purposes." This court notes, *Commonwealth v. Magwood*, 503 Pa. 169, 469 A.2d 115 (1983), which held that a title to a statute cannot control the plain words of the statute. Defendant's assertion that she is exempt from the short term fee's reach must, therefore, fail as the plain words to the act clearly state the fee is applicable to "weekend" prisoners.

Alternatively, it is found by the court that the General Assembly sought by the adoption of Act 1990-75 to address those defendants who seek a deferment of the imposition of their sentence to "weekends" or "other short periods each week" in order that the party pursue his business, family needs, medical treatment or other lawful purpose found appropriate by the court. Clearly the legislation sought to address the hybrid form of "outmate" prisoner who deferred imposition of his or her sentence to the weekends or who staggered his or her sentence over a protracted period of time so that employment or other personal obligations would suffer less impact. Thus, we find compatibility in locating Act 1990-75 under the "Outmate" heading and find its positioning as an aid in interpreting the section at issue.

Traditional outmate prisoners must reimburse the county a per diem charge for each day they report to their employment. The legislative purpose for such a per diem charge is to provide financial reimbursement for the inconvenience incurred by the work release/outmate program. Likewise, it is apparent that the legislative purpose behind granting author-

ity to impose the short term fee is to reimburse county jail for the inconvenience incurred by providing room and board to prisoners, who at their convenience, serve their sentences on weekends or other short periods each week.

It is this court's finding that the short term fee, pursuant to its occasion and necessity, applies both where prisoners delay serving their sentences until the weekend and where sentences are served during short periods each week so as to accommodate the prisoner's work schedule. Weekend sentences, such as the one served by defendant, offer the prisoner the benefit of maintaining the continuity of family and/or work life during the week while serving out his or her sentence only on the weekend. As defendant requested deferment of the imposition of the mandatory minimum 48-hour prison sentence until Friday, four days after the entry of her guilty pleas, it is this court's determination that defendant's sentence was served at defendant's convenience. Since such deferred sentences are established as a courtesy to the prisoner, who otherwise would be taken directly to jail upon sentencing, this court finds that the short term fee has legislative authorization and must be applied to defendant.

This court notes, however, that it does not have before it the issue of an inmate who has been sentenced to the mandatory minimum 48-hour sentence, who has not requested a deferment of the imposition of his sentence, and who was committed to jail at the time of sentence. To the extent the Prison Board resolution addresses this category of defendant, the court notes that it is unclear whether Act 1990-75 contemplated application to that category of inmate.

Finally, this court notes that pursuant to 61 Pa. Code §407.5 (1990), the Prison Board has the authority to "promulgate such rules, regulations as it deems necessary for the proper administration of the board and for the operation of the prison." *Id.* As such, this court holds that the Prison Board acted within the proper authority when enacting the short term fee pursuant to Act no. 1990-75 as applied to the specific factual background of the within defendant.

The defendant's challenge to the legislative authority for the short term fee is therefore without merit as applied to her.

The second issue to be addressed is whether application of the short term fee to defendant and persons similarly situated violates the applicable provisions of the state and federal constitutions guaranteeing equal protection of the law. The right to equal protection of the law under the 14th Amendment guarantees that all persons similarly situated shall be treated alike. *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986); See also, *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed 2d 225(1971). When addressing an equal protection challenge, however, the court must initially ascertain the appropriate degree of scrutiny to which the challenged act is to be subjected. *Commonwealth v. Bell,* 512 Pa. 334, 344, 516 A.2d 1172, 1177.

It is well established that where the constitutional challenge does not pertain to a fundamental right, suspect classification (strict scrutiny) or an important interest (mid-level scrutiny) then only a rational basis is necessary to uphold the legitimacy of the challenged classification. *Commonwealth v. Bell,* 512 Pa. 334, 345, 516 A.2d 1172, 1178. As defendant's challenge to Act no. 1990-75 does not warrant

strict or mid-level scrutiny, this court deems it proper to apply the rational basis standard.

The rational basis standard requires only that the law have a legitimate purpose and a rational relationship in the fulfillment of that purpose. *Brown v. Heckler,.* 589 F.Supp. 985, 989 (1984); See also, *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). The state interest sought to be advanced by Act. no. 1990-75 relates to the fiscal integrity of the Pennsylvania prison system. Applying the short term fee to "weekend" prisoners such as defendant provides reimbursement to the county prisons for the economic and administrative inconvenience incurred as a result of providing immediate room and board to these prisoners. At a time when prison overpopulation is such a critical issue, clearly, the legislative purpose of the act is unquestionably legitimate. "Weekend" prisoners whose sentences are served at their convenience put a greater strain on the system than do long-term prisoners whose sentences are served at the convenience of the prison system. As such, applying the short term fee to "weekend" prisoners is rationally related to the act's purpose.

Defendant's equal protection challenge is therefore without merit.

An appropriate order will be entered.


## ORDER

And now, to wit, September 25, 1991, the following is ordered by the court:

Defendant Debra L. Cassell's request for relief from the short term fee, pursuant to Act no. 1990-75, is denied.