Howard Miller, J.
This is a paternity proceeding in which *275 the respondent has made a motion to have counsel assigned to him because of his inability to pay for an attorney.
Section 262 of the Family Court Act does not specifically provide for assigned counsel in paternity cases. The Family Court Act provides that where a petitioner in a paternity proceeding is a public welfare officer he is to be represented by the County Attorney where the mother is a recipient of public assistance (Family Ct Act, § 535). It further provides that the mother in a paternity proceeding is entitled to retain counsel and to claim for counsel fees from the father after adjudication of paternity (Family Ct Act, § 536). Thus, it is clear that the mother may obtain private counsel to represent her and if she is a recipient of public assistance, the County Attorney is required to represent the dispersing agency.
The respondent, who cannot afford an attorney, is not accorded the same right even though section 526 of the Family Court Act provides that a respondent in a paternity proceeding may be apprehended under a warrant where he fails to appear in response to a summons, or the safety of the petitioner is involved, or that the respondent is likely to leave the jurisdiction. Under any contempt order arising out of such violation the respondent may be committed.
Under the existing case law, however, the assignment of counsel has been denied in paternity cases. In Matter of Bido v Albizu (36 AD2d 537), the court held that a paternity proceeding being civil in nature puts the court under no obligation to assign counsel to a respondent. A subsequent case (St. Lawrence County Dept. of Social Servs. v Dusharm, 86 Misc 2d 130) held that if a custody or visitation issue is raised then counsel may be assigned for indigents.
This practice of denying to an indigent respondent the right to assigned counsel in a paternity proceeding runs contrary to the constitutional principle of equal protection under the law (US Const, 14th Amdt; NY Const, art I, § 11; Frontiero v Richardson, 411 US 677; Weinberger v Wiesenfeld, 420 US 636; Bauer v Bauer, 55 AD2d 895; Thaler v Thaler, 89 Misc 2d 315). As herein above set forth, a mother in a paternity proceeding is entitled to representation.
The authority is provided in the omnibus clause contained in subdivision (b) of section 262 of the Family Court Act that: "In addition to the cases listed in subdivision (a) of this section, a judge may assign counsel to represent any adult in a proceeding under this Act if he determines that such assign *276 ment of counsel is mandated by the constitution of the state of New York or of the United States, and includes such determination in the order assigning counsel.”
It is clear that a respondent in a paternity proceeding has a substantial interest in the outcome of any proceeding concerning the paternity of a child purported to have been fathered by him. Not only is this with respect to support of this child, but also to possible incarceration for the failure to obey any order of the court. An inability to have counsel assigned by the court deprives a respondent charged with paternity of a child of his basic constitutional rights of equal protection under the law of the State of New York and of the United States. In view of the recent trend in the case law cited herein there is no logical basis to deny assigned counsel to the respondent herein.
The court, therefore, holds that the right of a respondent in a paternity case to assigned counsel, where he is indigent, is constitutionally required to provide him with equal protection under the law and in the furtherance of justice. That the distinction between the sexes is not a reasonable classification in indirectly providing indigent women with counsel and denying to an indigent respondent right to assigned counsel (Reed v Reed, 404 US 71).
The motion for assigned counsel is granted.