OPINION OF THE COURT
Ann E. O’Shea, J.
On January 7, 2004, petitioner Felix O. (petitioner or Felix) filed a paternity petition pursuant to article 5 of the Family *713 Court Act seeking to be declared the father of Precious Jewel M. (PJ), born on July 16, 1999. Respondent Janette M. (Janette) opposed the petition. Janette’s husband, respondent Herbert M. (Herbert), was joined as a necessary party respondent. Janette and Herbert were assigned counsel pursuant to Family Court Act § 262 (a) (viii), and a law guardian was assigned to PJ. Felix retained private counsel.
A trial on Felix’s petition commenced on September 25, 2006. Prior to the next trial date on January 29, 2007, Felix’s counsel asked to be relieved because Felix was unable to pay her. On Felix’s consent, the motion was granted, leaving him as the only unrepresented person in the litigation, although he qualified financially for assigned counsel. Because Felix’s petition raises significant issues of constitutionally protected rights, I find that he is entitled to assigned counsel pursuant to Family Court Act § 262 (b). The reasons for this determination follow.
In 1975, the legislature established a statutory right to assigned counsel in certain Family Court proceedings for “[pier-sons . . . [who] may face the infringements of fundamental interests and rights, including the loss of a child’s society and the possibility of criminal charges.” (Family Ct Act § 261; see also Family Ct Act § 262.) Family Court Act § 262 (a) specifies the types of Family Court proceedings in which a right to assigned counsel is established and identifies the particular litigants who are afforded that right. Family Court Act § 262 (a) (viii), which was added in 1978, provides for assignment of counsel to respondents — not petitioners — in paternity proceedings. Family Court Act § 262 (a) (viii) was enacted as part of a bill extending New York’s child support enforcement program and enhancing the collection of support payments (see Mem of St Exec Dept, Bill Jacket, L 1978, ch 456, 1978 McKinney’s Session Laws of NY, at 1723). In this context, it appears to have been created in recognition of the fact that a putative father named as a respondent in such a proceeding could be ordered to pay that support and face possible criminal charges and incarceration if he does not comply. Such possibilities raise fundamental liberty and property interests that the legislature determined required due process protection through assignment of counsel and that had been the basis for which courts had assigned counsel to such respondents even prior to statutory authorization (see e.g. Matter of Department of Social Servs. v Witzel, 91 Misc 2d 274, 276 [Fam Ct, Rockland County 1977]). On the other hand, the petitioners at this time were usually moth *714 ers, children or welfare officials. As they sought only financial support, they had no constitutionally protected rights to assert or defend comparable to those of respondents, so it was not so imperative that they be assigned counsel.
Though it is still unusual for an unwed father to bring a paternity petition to affirmatively establish his paternity, it is not unheard of (see e.g. Matter of Tyrone G. v Fifi N., 189 AD2d 8 [1st Dept 1993]; Matter of Clinton L.C. v Lisa B., 191 Misc 2d 211 [Fam Ct, Ulster County 2002]). Fathers, even unwed fathers — like mothers — have constitutionally protected rights to the care and custody of their children (see e.g. Stanley v Illinois, 405 US 645 [1972]; Caban v Mohammed, 441 US 380 [1979]; Matter of Gerald G.G., 61 AD2d 521 [2d Dept 1978]). An article 5 paternity proceeding is a putative father’s gateway to the bundle of rights the Constitution grants him (see Family Ct Act § 549). Without an acknowledgment of paternity or order of filiation, an unwed father has no standing to assert those rights.
A petitioning father, like Felix, who seeks recognition of his paternity as well as the opportunity to establish a relationship with his child and to provide a father’s care, affection and financial support to his child has constitutional rights no less worthy of due process protection than a respondent who seeks to protect his property and liberty interests against erroneous paternity determinations and orders of support.
Family Court Act § 262 (b) authorizes the assignment of counsel to “any adult in a proceeding under [the Family Court Act] if [the judge] determines that such assignment ... is mandated by the constitution of the state of New York or of the United States.” For the reasons stated above, I determine that assignment of counsel to petitioner in this proceeding is mandated by the due process provisions of both the New York State and Federal Constitutions.